UNITED STATES of America ex rel. James A. COMPTON, Relator-Appellee,

v.

Walter H. WILKINS, Warden of Attica State Prison, Attica, New York, Respondent-Appellant.

No. 321, Docket 28045.

United States Court of Appeals Second Circuit.

Submitted by Consent April 15, 1963.

Decided April 18, 1963.

Louis J. Lefkowitz, Atty. Gen. for State of New York (Irving Galt, Asst. Sol. Gen., and Mortimer Sattler, Asst. Atty. Gen., of counsel), for respondent-appellant.

James A. Compton, relator-appellee, pro se.

Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.

PER CURIAM.

The relator is presently being held on a judgment of conviction for the crimes of robbery, grand larceny, and escaping from prison entered in the County Court of Monroe County, New York upon relator's plea of guilty. His sentence is that of a second felony offender, the underlying conviction having been entered on a plea of guilty to five indictments each charging him with the crime of forgery, in the Court of Oyer & Terminer for the County of Lancaster, Pennsylvania. Relator applied before District Judge Burke for a writ of habeas corpus, claiming that the underlying Pennsylvania felony conviction is invalid and violative of the federal constitution in that he entered his guilty plea without the assistance of counsel and that his request for counsel was denied by the court. There is no issue before us as to the exhaustion of state remedies.

The record reveals that relator was handed the indictments by an officer of the Pennsylvania court and asked to sign them. He testified before Judge Burke that "I read them even though I didn't understand them * * *," and that he immediately requested both of the officer and of the presiding judge that he be assigned counsel. He was told that it was not necessary under the common law of Pennsylvania to assign counsel upon a plea of guilty, and the judge thereupon refused the defendant's request. Judge Burke concluded that relator "was prejudiced by the lack of counsel. Under the circumstances, he did not have a fair hearing."

We find that, even under the test established in Betts v. Brady, 316 U.S. 455, 62 S.Ct. 1252, 86 L.Ed. 1595 (1942), and the subsequent Supreme Court cases interpreting and applying that test, there is sufficient evidence in the record to support the findings of Judge Burke and to warrant the affirmance of his order granting the writ of habeas corpus. See Gideon v. Wainright, 372 U.S. 335, 83 S.Ct. 792, and the concurring opinion of Mr. Justice Harlan, 372 U.S. at 351, 83 S.Ct. at 799. The relator was properly remanded to the custody of the Sheriff of Monroe County for return to the Monroe County Court for re-sentencing.