Leonard FAMBO, Petitioner-Appellant,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, Respondent-Appellee.

No. 300, Docket 77-2084.

United States Court of Appeals, Second Circuit.

Argued Oct. 25, 1977.

Decided Nov. 2, 1977.

---

Before LUMBARD, MULLIGAN and MESKILL, Circuit Judges.

## PER CURIAM:

Leonard Fambo appeals from an order of the Western District (Curtin, Ch. J.) which dismissed his petition for a writ of habeas corpus. Subsequent to filing his petition in the district court, Fambo exhausted his state court remedies.

In April 1971, an Onondaga County Grand Jury indicted Fambo on two counts for possession of dynamite with intent to use in violation of § 265.05(7) of the New York Penal Law (now § 265.04). The first count alleged that Fambo had such possession on November 29, 1970 and the second count alleged similar possession for December 1, 1970. Subsequently, defendant with his counsel entered into plea negotiations with the district attorney as a result of which it was agreed that, in return for a plea of guilty to the lesser included offense of possessing dynamite, the district attorney would recommend and the court would agree to impose a sentence of five years. At the same time, the district attorney moved to dismiss count one and the plea was taken on count two. Thus, on October 27, 1972 Fambo pleaded guilty to possession of an incendiary device "on or about December 1, 1970" in violation of § 265.05(1) of the Penal Law, then a class D felony. Two months later, County Court Judge Gale sentenced Fambo to an indeterminate term of imprisonment the maximum of which was five years.

On March 27, 1974, at an unrelated trial of Fambo in the District Court for the Western District, it was disclosed that on November 29, 1970, David Stevenson of the Onondaga County Sheriff's Department discovered a tube of dynamite in a field, removed and destroyed its contents, and repacked the tube with sawdust.[1] Both parties here concede that the destroyed dynamite was the same as that which Fambo

Philip B. Abramowitz, Buffalo, N. Y. (Robert C. Macek and Gross, Shuman, Laub & David, Buffalo, N. Y., on the brief), for petitioner-appellant.

Alan R. Sharett, Asst. Atty. Gen. (Louis J. Lefkowitz, Atty. Gen. of the State of New York, Samuel A. Hirshowitz, First Asst. Atty. Gen., and Emanuel M. Kay, Asst. Atty. Gen., New York City, on the brief), for respondent-appellee.

---

1. The papers before the district court gave no further details regarding Fambo's relation to the dynamite.

was charged with possessing. At the time of the plea and sentencing in the instant case, the defendant apparently acted on the belief that the authorities still possessed the dynamite, and that dynamite had been in the tube on both November 29 and December 1, 1970. In any event, at sentencing neither the court nor the defendant was advised of the November 29 removal and destruction of the dynamite.

 It is undisputed that Fambo *on or about* December 1, 1970 possessed the dynamite at the place where it was found, and so it is clear that he was guilty of that offense, as he admitted by his plea on October 27, 1972, as well as at sentencing on December 27, 1972. "On or about December 1, 1970" certainly must include November 29, and there is no reason to doubt that the stick, which Fambo undisputably possessed, contained dynamite on November 29. Thus, if Fambo had gone to trial on count two, he could have been convicted on the evidence of what was found on November 29, 1970. The difference of two days between the date in count two of the indictment and the date of Fambo's undisputed possession of the explosive would not be a fatal imperfection in the proof.[2]

It is beyond question, therefore, that Fambo was guilty of the offense for which he was sentenced, got what he bargained for, and that there was a factual basis for the plea. Consequently, we find no reason for disturbing the judgment of the Onondaga County Court. At worst, the Onondaga district attorney mistakenly elected to dismiss count one, alleging the "on or about November 29, 1970" offense, instead of count two, which charged precisely the same offense as having been committed "on or about December 1, 1970." It could not possibly have made any difference in the treatment of the defendant.

 The only question before us is whether the conduct of the district attorney and the Onondaga County Sheriff's Office deprived Fambo of any constitutional right and whether his conviction is so tainted that it cannot stand. While we agree with Judge Curtin's conclusion that it was reprehensible for the district attorney not to disclose the substitution of sawdust for dynamite, we cannot see, in view of Fambo's undisputed possession dynamite a mere two days prior to the "on or about" date specified in the indictment, how any dereliction of duty on the part of the local law enforcement officers could possibly have so prejudiced the petitioner as to render his conviction unconstitutional.

Affirmed.

---

2. We note that Fambo does not argue that he was improperly prejudiced because he was unaware that the Dynamite had been destroyed on November 29, 1970 and therefore was not available as evidence.