■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEPHEN RICCARDO, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Richmond County, rendered July 17, 1975, convicting him of burglary in the third degree, upon his plea of guilty, and imposing sentence. Judgment reversed, on the law, plea vacated, and case remanded to Criminal Term for further proceedings consistent herewith. Almost immediately after entering his guilty plea, the defendant complained to his attorney that he was not guilty and that he had been confused. Because the court was engaged in other matters defendant's attorney advised the defendant to return the next morning. At that time defendant's attorney made an application to withdraw the plea. He advised the court that he had consulted with the defendant for only 30 seconds prior to the plea and that immediately after the plea the defendant appeared confused and proclaimed his innocence. In the circumstances of this case it was improper to deny the defendant's application to withdraw his guilty plea. Of primary significance is the undisputed allegation that he conferred with counsel for only 30 seconds. In addition, it is noteworthy that the defendant has no prior criminal record and that there were no criminal proceedings in this case between the arraignment and the plea hearing. It must, therefore, be inferred that the defendant was unschooled in the nature of the criminal justice system. Also of significance is the timeliness of the defendant's application. Rather than denying the defendant's application, the court should have allowed the defendant the opportunity to withdraw his guilty plea (see *People v Nixon,* 21 NY2d 338, cert den 393 US 1067; *People v McClain,* 32 NY2d 697). Damiani, J. P., Suozzi, Lazer and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDGAR A. ROWE, Appellant.—Judgment of the County Court, Nassau County, rendered January 25, 1978, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Titone, J. P., Suozzi, Gulotta and Martuscello, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIS S., Appellant.—Appeal by defendant, as limited by his motion, from an amended sentence of the County Court, Nassau County, imposed May 25, 1978, which revoked a previously imposed sentence of probation and sentenced him to a term of imprisonment. Amended sentence reversed, on the law, and case remitted to the County Court for resentencing (see CPL 380.50; *People v Schiavone,* 42 AD2d 738). O'Connor, J. P., Rabin, Gulotta and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICIA SILBERSTEIN, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered August 22, 1977, convicting her of manslaughter in the first degree, upon a jury verdict, and sentencing her to an indeterminate prison term with a minimum of 7 years and a maximum of 22 years, 7 months and 6 days. Judgment modified, as a matter of discretion in the interest of justice, by reducing the sentence to an indeterminate prison term of from 3 to 15 years. As so modified, judgment affirmed. The sentence was excessive to the extent indicated. Titone, J. P., Suozzi, O'Connor and Lazer, JJ., concur.