OPINION OF THE COURT
Benjamin Altman, J.
Can a defendant’s “unhappiness” about a constitutional appeal waiver negate the court’s acceptance of a defendant’s plea?
The District Attorney conditioned his acceptance of the plea upon the defendant’s waiver of his appeal of the denial of a suppression hearing. The defendant indicated that he was “unhappy” with this condition but that he accepted the plea nonetheless.
Should a Judge accept a plea which is conditioned upon the defendant’s waiver of his right to appeal the denial of a motion to suppress physical evidence?
It depends upon whether or not such waiver was knowingly, voluntarily and freely made.
In the calendar part, defendant made an omnibus motion for pretrial relief, including a request for a Huntley (People v Huntley, 15 NY2d 72) and a Mapp (Mapp v Ohio, 367 US 643) hearing. The motion for suppression of physi *993 cal evidence was denied. The court (Roberts, J.) stated that defendant “has failed to establish that defendant had a possessory interest in the physical evidence sufficient to challenge its seizure on 4th Amendment grounds.” (See United States v Salvucci, 448 US 83.)
The Huntley hearing was granted and was sent to this part for hearing and trial.
Prior to the commencement of the Huntley hearing, plea negotiations were entered into. As part and parcel of the plea, the People asked that defendant waive his right to appeal the denial of the Mapp hearing (suppression of physical evidence). Defendant agreed although he was not “happy” with it.
The pertinent portion of the plea minutes are as follows:
“The Court: As part of our discussions, about your willingness to waive your rights to appeal any suppression material or for statements ***
“Attorney for Defendant: I discussed that with him (defendant) and while he was not happy with it he has agreed to go along with it.
“The Court: Does he go along with it willingly?
“Attorney for Defendant: He is going along with it in order to obtain this plea, yes.
“The Court: I want the defendant to tell me that.
“Defendant: Yes — I am going along with it. I understand.
“The Court: You are giving up your right to appeal the suppression or the denial of the suppression hearing and any other denial of any other suppression material.
“Defendant: Yes.”
In order for a plea to be legally sufficient, it is necessary for the defendant to admit his participation in the crime in such a way that all of the elements of that crime are established. (See, e.g., People v Mason, 48 NY2d 896.)
Additionally, the plea must be knowingly, intelligently and voluntarily entered into. When a plea is made conditional upon the acceptance or waiver of a certain item, the court should make inquiry as to whether or not the full *994 implications are understood, acknowledged and agreed to by the defendant.
In a situation where a defendant’s plea is conditioned upon the waiver of his right to appeal, the consequences ofx that waiver should be made known to him. Where a defendant pleads guilty, he waives certain rights, and evinces, prima facie, his intention to forego appellate review of his conviction. This right cannot be lost because the defendant is unaware of its existence. (See People v Melton, 35 NY2d 327.)
If the condition is one duly negotiated between the District Attorney and defense counsel, the contents of the entire agreement reached during the plea negotiations should be placed on the record. (See People v Frederick, 45 NY2d 520.)
The record should also reflect that defense counsel conferred with his client to explain the contents of the negotiations to him (cf. People v Riccardo, 68 AD2d 894).
A plea conditioned upon a defendant’s waiver of his right to appeal the denial of a suppression motion is permissible as long as it is voluntarily entered into with full comprehension on the defendant’s part both as to the plea and the conditions associated with the plea. (See People v Williams, 36 NY2d 829.)
The right to appeal is an important right and any waiver of it should be afforded formality. The record should reflect an advised, knowing waiver entered into freely and voluntarily. (See People v Cox, 71 AD2d 798.)
Although current case law seems to indicate that a plea may be conditioned upon the waiver of the right to appeal, the court must closely examine the condition sought to be imposed by the District Attorney. While not specifically stated in a number of reported decisions, it appears as if appellate courts examine the condition under the rubric of “coercion” to see if the condition is fair. If fundamental fairness is violated to such an extent as to equal a denial of due process, the plea will be vacated as being “coerced.” (See, e.g., People v Blakley, 34 NY2d 311; People v Testa, 40 NY2d 1018.)
*995 CONCLUSION
The defendant’s mere unhappiness with a condition does not amount to coercion as long as he was fully advised of it and its implications and he agreed to it.
The court accepts the plea.