UNITED STATES of America ex rel. Theodore WILLBRIGHT, Petitioner,

v.

Harold J. SMITH, Superintendent, Attica Correctional Facility, Attica, New York, Respondent.

No. 81 Civ. 6574 (RWS).

United States District Court, S.D. New York.

Nov. 15, 1982.

Henry Putzel, III, New York City, for petitioner.

Carl A. Vergari, Dist. Atty. for Westchester County, White Plains, N.Y., for respondent; Felix R. De Vito, John R. Dinin, Asst. Dist. Attys., White Plains, N.Y., of counsel.

## OPINION

SWEET, District Judge.

Theodore Willbright ("Willbright") filed this habeas corpus petition in September 1981, claiming that his plea of guilty in state court was invalid because the court "failed to make any factual inquiry of Willbright concerning his conduct which gave rise to the factual basis for the guilty plea." The petition was referred to Magistrate Nina Gershon who, in her Report and Recommendation dated July 23, 1982, concluded that Willbright's contention that the state court was constitutionally required to make a factual basis inquiry is "without merit," and recommended that the petition be dismissed. Objections to the report were filed. Notwithstanding, the recommendation of the Magistrate will be adopted, and the petition will be dismissed. Because of the absence of a direct ruling on the issue presented from our Court of Appeals or the Supreme Court and because of the clear difference between the practice of the federal and New York state courts, a discussion of Willbright's plea, and the constitutional level of plea allocution requirements generally is in order.

Willbright was indicted in the Supreme Court of the State of New York, Westchester County, in December, 1974 and charged along with three co-defendants with murder in the second degree, kidnapping in the second degree, and possession of a·weapon in the fourth degree. On October 20, 1975, after two of the co-defendants had been convicted at jury trials, and one acquitted, Willbright withdrew his previously-entered plea of not guilty, and pursuant to a plea arrangement, entered a plea of guilty to the murder and kidnapping counts. The Assistant District Attorney conducted the voir dire of Willbright:

MR. RYAN: Have you heard the application of your attorney to withdraw your previously entered plea of not guilty and plead guilty to Counts 2 and 3 of the Indictment 1132 of 1974?

THE DEFENDANT: Yes.

MR. RYAN: Do you make this plea freely and voluntarily?

THE DEFENDANT: Yes, I do.

MR. RYAN: Have you had an opportunity to discuss this matter with your attorney?

THE DEFENDANT: Yes, I have.

MR. RYAN: Have you also had an opportunity to discuss this matter with members of your family?

THE DEFENDANT: Yes, I have.

MR. RYAN: Do you need any more time to discuss this with anyone?

THE DEFENDANT: No.

MR. RYAN: Do you realize that you are pleading guilty to the crimes of murder in the second degree, a Class A felony, and Kidnapping in the second degree, a Class B felony?

THE DEFENDANT: Yes.

MR. RYAN: Do you realize that you are entitled to a trial by the Court or by the jury in this matter?

THE DEFENDANT: Yes.

MR. RYAN: Do you further realize that your plea of guilty to these two charges is equivalent to conviction after trial?

THE DEFENDANT: Yes.

MR. RYAN: You realize that a Class A felony, as in the case of murder in the second degree is punishable by a term of imprisonment, minimum of 15 years to life imprisonment, and a maximum of 25 years to life imprisonment, and that kidnapping in the second degree, a B felony, is punishable by up to 25 years imprisonment?

THE DEFENDANT: Yes.

MR. RYAN: Have any threats been made to you to induce you to plead guilty to this charge?

THE DEFENDANT: No, they haven't.

MR. RYAN: To these charges, rather?

THE DEFENDANT: No, they haven't.

MR. RYAN: Have any promises been made to you in order to induce you to plead guilty to these two charges?

At this point, the judge interrupted and spread upon the record his understanding of the plea agreement. He then addressed Willbright:

THE COURT: Mr. Willbright, you have heard what the Court has just said now. Is this more or less your understanding of what will probably happen in accordance with what your attorney told you?

THE DEFENDANT: Yes, it is.

THE COURT: And except in the sense that you may call this a conditional promise, have any other promises been made to you in consideration for your plea of guilty to these two counts? I mean, except what the Court has said, nobody else has promised you anything; is that correct?

THE DEFENDANT: Correct.

THE COURT: That is, your own attorney; that is; the District Attorney; and, that is, the Court or nobody else; is that correct?

THE DEFENDANT: That's correct.

The Assistant District Attorney then concluded the voir dire:

MR. RYAN: ... Theodore Willbright, do you freely and voluntarily admit that in the County of Westchester and State of New York, on or about October 22, 1974, aiding, abetting and acting in concert with Willard McPhail, James Winston and Eugene Romero, that you did commit the crime of kidnapping and, in the course of and in furtherance of such crime or in immediate flight therefrom, caused the death of the said Anthony Graham who was not a participant in the crime?

THE DEFENDANT: Yes.

MR. RYAN: Do you also freely and voluntarily admit that on or about October 22, 1974, in the County of Westchester

and State of New York, you, aiding and abetting and acting in concert with Willard McPhail, James Winston and Eugene Romero, abducted the said Anthony Graham?

THE DEFENDANT: Yes.

MR. RYAN: Does counsel withdraw all prior motions made in this case whether decided or not?

MR. GALLINA: Yes, he does.

MR. RYAN: Your Honor, under the facts and circumstances of this case, the People would recommend acceptance of the plea of guilty to Counts 2 and 3 of Indictment.

Willbright twice appealed his conviction through the New York courts, the history of which is recounted in Magistrate Gershon's Report, and will not be recounted here, except to note that his claim of ineffective assistance of counsel was rejected, and his claim of a defective plea allocution was not addressed.[1] Willbright has previously sought federal habeas corpus relief from his plea in this court on the grounds of involuntariness and ineffective assistance of counsel. *Willbright v. Smith,* 79 Civ. 5275 (PNL). Judge Leval dismissed the petition on both grounds in an opinion dated June 9, 1980. The Court of Appeals affirmed on the ineffective assistance of counsel ground, but declined to address the merits of the involuntariness issue because it was raised "in such a tangential manner in the district court." *Willbright v. Smith,* 659 F.2d 1064 (2d Cir., 1981). Thus, the affirmance was "without prejudice to [Willbright's] right to assert in an appropriate proceeding his claim regarding the deficiency of the plea allocution." The instant petition followed.

A guilty plea accepted without an affirmative showing that it was voluntary and intelligent is constitutionally invalid. *Boykin v. Alabama,* 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969); *Siegel v. New York,* 691 F.2d 620, at 624 (2d Cir., 1982); *Suggs v. LaVallee,* 570 F.2d

---

1. There was a finding by the Supreme Court after an evidentiary hearing regarding the plea, however, that it was "entered into after careful consideration and consultation with his counsel and members of his family and that it was

voluntarily, knowingly and intelligently made." *People v. Willbright,* No. 74–01121–04, slip op. at 11 (Sup.Ct. Westchester County Dec. 4, 1978).

1092, 1118 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978). An express admission of guilt, however, "is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford,* 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970). Therefore, the only constitutional requirement for the acceptance of a guilty plea is that it be voluntary and intelligent. *See Tollet v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235 (1973); Barkai, *Accuracy Inquiries For All Felony and Misdemeanor Pleas: Voluntary Pleas But Innocent Defendants?,* 126 U.Pa.L.Rev. 88, 90–92 (1977). Thus, for Willbright to succeed on his claim that his plea is constitutionally invalid, he must show that the absence of a factual inquiry in his case precludes a determination that the plea was voluntary and intelligent.

The Supreme Court has not ruled on whether the Constitution requires the state courts to conduct a factual basis inquiry before accepting a plea of guilty in every case. In *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the Court held that Fed.R.Crim.P. 11 mandates that the federal courts follow this practice, but expressly noted that its decision was based on its construction of Rule 11 and its supervisory power over the federal courts, and that it did not reach the constitutional arguments presented. Since *McCarthy,* however, several lower federal courts have addressed the constitutional issues, and have concluded that a factual basis is not required for the acceptance of guilty pleas in state courts. *See Roddy v. Black,* 516 F.2d 1380, 1385 (6th Cir.), *cert. denied,* 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1975); *Wade v. Coiner,* 468 F.2d 1059, 1060 (4th Cir.1972); *Arbuckle v. Turner,* 440 F.2d 586, 589 n. 4 (10th Cir. 1971); *Freeman v. Page,* 443 F.2d 493, 497 (10th Cir.), *cert. denied,* 404 U.S. 1001, 92 S.Ct. 569, 30 L.Ed.2d 554 (1971); *Lawrence v. Russell,* 430 F.2d 718 (6th Cir.1970), *cert. denied,* 401 U.S. 920, 91 S.Ct. 907, 27 L.Ed.2d 823 (1971); *Osborne v. Thompson,* 481 F.Supp. 162, 168–69 (M.D.Tenn.), *aff'd,* 610 F.2d 461 (6th Cir.1979); *King v. Perini,* 431 F.Supp. 481, 383 n. 2 (N.D.Ohio 1976). *See also Willett v. Georgia,* 608 F.2d 538, 540 n. 1 (5th Cir.1979). The Western District of New York has declined to require that New York State courts follow the procedure of Rule 11. *Fambo v. Smith,* 433 F.Supp. 590, 593 n. 1 (W.D.N.Y.), *aff'd,* 565 F.2d 233 (2d Cir.1977).

Although the Second Circuit recently noted that not all the requirements of Rule 11 are applicable to the states as a matter of due process, *Siegel v. New York, supra,* 691 F.2d at 626 & n. 5, it has not yet squarely faced the issue presented here. A similar question was presented in *United States ex rel. Dunn v. Casscles,* 494 F.2d 397 (2d Cir. 1974), but that case involved aggravating factors that should have alerted the sentencing judge to the possibility that the plea was not truly voluntary. During the plea allocution in the state court, the defendant gave inconsistent answers when questioned as to whether he had committed the crime charged. The judge nevertheless accepted the plea without inquiring into its factual basis. The Court of Appeals, following the dictate of *North Carolina v. Alford,* 400 U.S. 25, 38 n. 10, 91 S.Ct. 160, 167 n. 10, 27 L.Ed.2d 162 (1970), that "pleas coupled with claims of innocence should not be accepted unless there is a factual basis for the plea," ordered that the habeas corpus petition be granted, and the petitioner allowed to withdraw his plea of guilty. Other courts have similarly concluded that in state proceedings, when the plea is equivocal or accompanied by claims of innocence, the plea is constitutionally invalid unless a factual inquiry is conducted. *See Willett v. Georgia, supra,* 608 F.2d at 540–41; *Oaks v. Wainwright,* 445 F.2d 1062, 1062 (5th Cir. 1971), *cert. denied,* 405 U.S. 995, 92 S.Ct. 1271, 31 L.Ed.2d 464 (1972). *See also Sharp v. Scully,* 509 F.Supp. 493, 496 (S.D.N.Y. 1981). This rule is an outgrowth of the requirement that the plea be voluntary and

intelligent. *See North Carolina v. Alford, supra,* 400 U.S. at 38 n. 10, 91 S.Ct. at 167 n. 10 (factual basis required when defendant claims innocence "[b]ecause of the importance of protecting the innocent and of insuring that guilty pleas are a product of free and intelligent choice").

The Court of Appeals in *Suggs v. LaVallee,* 570 F.2d 1092 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct. 290, 58 L.Ed.2d 263 (1978), refused to find that a state court defendant had ratified invalid guilty pleas by his failure to withdraw them at his sentencing because at the sentencing there was no "inquiry into either of the voluntariness or the factual basis" of the earlier invalid pleas. *Id.* at 1118. The pleas were held invalid because Suggs had been mentally incompetent when they were entered. At the sentencing, during an apparently lucid interval, Suggs was asked why judgment should not be pronounced against him. He responded: "Judge, at that time I wasn't capable of understanding the case." Nevertheless, Suggs chose not to withdraw his pleas, the sentencing judge accepted this decision, and sentence was imposed. Thus, *Suggs* is like *Dunn*—under the circumstances the judge should have been alerted to the possibility that the defendant's plea was not voluntary or intelligent, and should have conducted not only the usual voluntariness inquiry, but also a factual basis inquiry.

Recently, the Second Circuit has noted that "[r]ather than mandating a specific catechism, in determining voluntariness and intelligence, due process requires only that the courts provide safeguards sufficient "to insure the defendant what is reasonably due in the circumstances.'" *Siegel v. New York,* 691 F.2d 620, at 626 (2d Cir.1981), *quoting Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).

In the circumstances of this case, a factual basis inquiry was not necessary to insure that Willbright was accorded his right to due process. This case is not like *Suggs* or *Dunn.* The record of the plea proceeding here shows no aggravating factors that would have suggested that the plea may have been involuntary. Willbright never protested his innocence. He consistently answered in the affirmative when questioned whether his plea was voluntarily entered into after discussion with his attorney and his family. He answered in the negative when questioned whether threats or promises other than the plea agreement spread upon the record were used to induce him to plead guilty. Most significantly, Willbright was represented by counsel whose assistance, while repeatedly challenged, has been upheld by both the state courts and this court. As the Second Circuit noted in *Siegel v. New York, supra,* "a plea is intelligently and voluntarily entered so long as it is based upon the advice of competent counsel, even if successful defenses to the charges existed." At 626 n. 6, *citing Tollett v. Henderson,* 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

In addition, the judge who accepted Willbright's plea had himself conducted the trials of Willbright's three co-defendants, and noted his familiarity with Willbright's case during the plea proceeding. He was careful to point out, however, that he did not know whether the evidence in Willbright's case would be the same as in the other cases. Nevertheless, his familiarity with the conduct underlying the charge against Willbright is further evidence that a factual basis inquiry was not necessary to assess the voluntariness and intelligence of the plea.

To date, the lower federal courts have declined to impose the requirement of a factual basis inquiry on the states as an element of due process. The obvious utility of a factual basis inquiry to the assessment of the voluntariness of a plea is noted in *McCarthy v. United States, supra,* 394 U.S. at 465–67, 89 S.Ct. at 1170–71. The inquiry also serves a protective function regarding the intelligence of a plea. It insures that a plea will not be entered by "a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his

conduct does not actually fall within the charge." Fed.R.Crim.P. 11 advisory committee note to 1966 amendment. *See McCarthy v. United States, supra,* 394 U.S. at 466–67, 89 S.Ct. at 1170–71; American Bar Ass'n, Standards on Criminal Justice, Standard 14–1.6(a) (1980); Barkai, *Accuracy Inquiries, supra,* 126 U.Pa.L.Rev. at 90–100; Comment, *Judicial Supervision Over California Plea Bargaining: Regulating the Trade,* 59 Cal.L.Rev. 962, 980–83 (1971). The virtue of a factual basis inquiry has been recognized not just by Congress, as codified in Fed.R.Crim.P. 11, but also by many state legislatures.[2] *Cf. Fambo v. Smith, supra,* 433 F.Supp. at 593 n. 1.

█ The record here shows that the plea was entered into after discussion with family and competent counsel, with full knowledge of its consequences, and accepted by a judge with knowledge of the underlying facts. Only if a factual inquiry is a constitutional requirement in every case could the relief requested be granted here. I do not conclude that the constitutional requirement is that precise. Despite the asymmetry of the state and federal practice, Magistrate Gershon's recommendation will be adopted and the petition for habeas corpus relief will be dismissed.

The clerk is directed to enter judgment dismissing the petition. No costs.

IT IS SO ORDERED.

---

**2.** *See* Ariz.R.Crim.P. 17.3; Cal.Penal Code § 1192.5 (West Cum.Supp.1978); Colo.Rev. Stat. § 16–7–207(2)(f) (1973); Del.Super.Ct. Crim.R. 11; Fla.R.Crim.P. 3.170(j); Ill.Sup. Ct.R. 402(c); Kan.Stat. § 22–3210(4) (1974); Me.R.Crim.P. 11; Mich.Gen.Ct.R. 785.7(3); Minn.R.Crim.P. 15.01, 15.02; N.M.R.Crim.P. 21(h); N.C.Gen.Stat. § 15A–1022(c) (1978); N.D.R.Crim.P. 11(e); Or.Rev.Stat. § 135.395 (1977); Tex.Crim.Proc.Code Ann. art. 1.15 (Vernon 1977); Vt.R.Crim.P. 11(f); Wash.Super.Ct.Crim.R. 4.2(d); Wis.Stat.Ann. § 971.-08(1)(b) (West 1971).