Larry SMITH, Petitioner,

v.

Charles SCULLY, Supt., Green Haven Correctional Facility, Respondent.

No. 83 Civ. 6712 (VLB).

United States District Court, S.D. New York.

Sept. 25, 1984.

Larry Smith, pro se.

Atty. Gen. State of New York, New York City, for respondent.

## MEMORANDUM ORDER

VINCENT L. BRODERICK, District Judge.

### I.

Petitioner seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, to set aside a judgment of the New York State Supreme Court convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree.

Petitioner was sentenced as a second felony offender on the basis of a conviction pursuant to a plea of guilty to a charge of first degree forgery in the State of Georgia in November of 1970.

The New York State Appellate Division affirmed the conviction without opinion. The New York Court of Appeals denied the petitioner's application for leave to appeal.

### II.

Petitioner asserts two grounds for relief under this petition:

(1) The gun and live ammunition seized from his apartment on the night of his arrest should have been suppressed as the product of an illegal search.

(2) His sentencing as a second felony offender was improper because his predicate felony conviction, in Georgia, was unconstitutionally tainted.

With respect to the second ground, since petitioner is challenging the sentence imposed in New York, he is required only to exhaust his New York State remedies prior to seeking federal relief. *See United States ex rel. LaNear v. LaVallee*, 306 F.2d 417 (2d Cir.1962); 28 U.S.C. § 2254.[1] I find that petitioner has exhausted his New York State remedies with respect to both claims, and I have jurisdiction to address petitioner's petition on the merits.

For the reasons which follow, petitioner's application for a writ of habeas corpus is denied.

### III.

Petitioner contends that the evidence used against him in the trial court was the product of an illegal search, and that his Fourth Amendment rights to protection against the use of illegally obtained evidence were violated. This is not, at least in New York, a proper ground for federal habeas corpus relief. *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49

---

1. I directed the state to respond only to petitioner's second claim, and to address specifically the issue of whether petitioner was required to ex-haust both Georgia and New York State remedies.

L.Ed.2d 67 (1976); *McPhail v. Warden,* 707 F.2d 67 (2d Cir.1983).

The Supreme Court of the United States has held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell,* 428 U.S. 465, 482, 96 S.Ct. 3037, 3046, 49 L.Ed.2d 1067 (1976) (footnote omitted). The *Stone* doctrine has been consistently applied by the Second Circuit. *See, e.g., McPhail v. Warden,* 707 F.2d 67, 69 (2d Cir.1983); *Styers v. Smith,* 659 F.2d 293, 294 (2d Cir.1981); *Gates v. Henderson,* 568 F.2d 830, 837 (2d Cir.1977) (en banc), *cert. denied,* 434 U.S. 1038, 98 S.Ct. 775, 54 L.Ed.2d 787 (1978). The focus of the *Stone v. Powell* standard is the word "opportunity": it means that the state must make available "a statutory mechanism" for the suppression of evidence obtained by illegal search and seizure. *McPhail,* 707 F.2d at 69; *Gates,* 568 F.2d at 837. New York provides such opportunity. *See* N.Y.Crim. Proc.Law § 710, 10 et seq. (McKinney 1971 & Supp.1982–83).

### IV.

Petitioner contends that his previous felony conviction in Georgia before Judge Holt rested upon a guilty plea in which he was not aware of the elements of the crime, primarily due to ineffective assistance of counsel. He does not assert ineffective assistance of counsel as a separate ground for relief, but rather claims that he was not apprised by anyone, including his attorney, of the elements constituting the crime of forgery. He also claims that his plea was tainted as the judge did not elicit a factual basis for it at the plea hearing.

**2.** Petitioner's case properly falls within the statute. He was convicted of the felony of first degree forgery on November 19, 1970. He committed his second felony, criminal possession of a deadly weapon in the second degree, on September 3, 1980. *See* N.Y.Penal Law § 70.06

Section 70.06 of the New York State Penal Law mandates increased punishment for a person committing a second felony within a 10-year period of a prior felony conviction.[2] However, an invalid conviction cannot be used as a predicate in sentencing a defendant as a second felony offender. *U.S. ex rel. Easterling v. Wilkins,* 303 F.2d 883 (2d Cir.1962). A prisoner is entitled to habeas corpus relief where he was sentenced as a second felony offender and the first conviction was violative of the United States Constitution. *U.S. ex rel. Compton v. Wilkins,* 315 F.2d 865 (2d Cir.1963).

Petitioner cites *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), for the proposition that "a guilty plea cannot be truly voluntary unless the defendant possesses an understanding of the law in relation to the facts." *Id.* at 467, 89 S.Ct. at 1171. Petitioner, however, admitted at the time of plea in Georgia that he had discussed his rights and the charges with his attorney. He also stated that he understood his rights and was pleading freely and voluntarily. When asked if he had anything to add, petitioner replied that he did not. These "solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); *U.S. v. Rivera-Ramirez,* 715 F.2d 453, 458 (9th Cir.1983). There is, moreover, "a strong presumption of regularity in state judicial proceedings." *Honeycutt v. Ward,* 612 F.2d 36 (2d Cir.1979), *cert. denied,* 446 U.S. 985, 100 S.Ct. 2969, 64 L.Ed.2d 843 (1980).

Judge Edwards, in a decision following the New York predicate felony hearing, denied petitioner's motion to dismiss the State's application to sentence petitioner as a second felony offender. Thus Judge Edwards necessarily rejected petitioner's as-

(McKinney's 1975 & Supp.1983–84). In New York, the second felony offender provisions of the statute are mandatory on the sentencing judge. *People v. Brown,* 54 A.D.2d 719, 387 N.Y.S.2d 470 (App.Div., 2d Dept. 1976).

sertions at that hearing that he was misled. I find that Judge Edwards' judgments as to credibility were appropriate. *See U.S. v. Rivera-Ramirez*, 715 F.2d at 458. Petitioner's self-serving conclusory assertions that he was misled are without sufficient support to overcome the strong presumption of truthfulness which the declarations contained in the Georgia record carry, *see United States v. Degand*, 614 F.2d 176, 178 (8th Cir.1980), and the presumption of regularity which obtains with respect to the Georgia proceedings, *see Honeycutt v. Ward, supra.*

The Georgia Rules of Criminal Procedure required that the indictment or accusation be read to the defendant and that he be required to answer to it orally. *Ga.Code Ann.* § 17-7-93(a). While it does not appear that the indictment was read to petitioner on the record, from the plea colloquy[3] it appears that constitutional requirements were satisfied.[4] As noted *infra*, before accepting petitioner's guilty plea, petitioner was questioned in Judge Holt's presence, and petitioner stated affirmatively that he had discussed the nature of the charges and his rights with his attorney, and that his plea was entered freely and vol-

3. The plea colloquy conducted before Judge Holt by Tom Hayes, Esq., of the Fulton County District Attorney's office, contained the following:

> MR. HAYES: *Did you discuss the nature of these charges with your attorney?*
> DEFENDANT: Yes.
> MR. HAYES: *Did you discuss your rights with your attorney, Mr. Smith?*
> DEFENDANT: Yes, sir.
> MR. HAYES: *You understand you have a right to a trial by jury?*
> DEFENDANT: Yes.
> MR. HAYES: *You understand you have a right at this trial to be confronted by witnesses appearing against you and having your attorney cross-examine these witnesses?*
> DEFENDANT: Yes, sir.
> MR. HAYES: *You understand that if you plead now you waive all these rights and the judge can sentence you here and now?*
> DEFENDANT: Yes.
> MR. HAYES: *Has anyone made any threats or promises in order to induce you to plead guilty?*
> DEFENDANT: No.
> MR. HAYES: *How do you plead to forgery in the first degree?*

untarily. Judge Holt accepted petitioner's guilty plea only after this inquiry was satisfactorily made.

Petitioner asserts that *Santobello v. New York*, 404 U.S. 257, 261, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971) requires a trial judge to elicit a factual basis for the plea prior to accepting it, and claims that Judge Holt, presiding over the Georgia plea hearing, did not elicit a factual basis for the plea.

*Santobello* in fact requires that when a guilty plea is induced by a prosecutorial promise, the essence of the promise must be made known to the sentencing judge, and the prosecutor must adhere to his promise. *Santobello* does not, in fact, seem to have particular application to this set of facts, aside from the fact that it noted that "Fed.Rule Crim.Proc. 11, governing pleas in federal courts, now makes clear that the sentencing judge must develop, *on the record*, the factual basis for the plea, as, for example, by having the accused describe the conduct that gave rise to the charge." *Santobello v. New York, supra*, 404 U.S. at 261, 92 S.Ct. at 498 (emphasis in original).

> DEFENDANT: Guilty.
> MR. HAYES: Is this plea freely and voluntarily given?
> DEFENDANT: Yes.
> Transcript of proceedings, November 19, 1970, p. 2–3.

4. Petitioner asserts that New York law with respect to pleas warrants a finding that the plea was tainted. First, it is not clear that New York law has any bearing on the determination of the validity of the Georgia plea. Second, New York law is not clear on the issue. While one New York Supreme Court case states that "[i]n order for a plea to be legally sufficient, it is necessary for the defendant to admit his participation ... in such a way that all of the elements of the crime are established," *People v. Jasper*, 107 Misc.2d 992, 436 N.Y.S.2d 185, 187 (Sup.Ct.N.Y. Co.1981), an Appellate Division case held that "there is no requirement that the defendant shall himself admit to the underlying facts making out the crime." *People v. Colon*, 77 A.D.2d 370, 372, 433 N.Y.S.2d 766 (1st Dep't 1980). The Court of Appeals has stated that "[i]t is highly doubtful that a uniform mandatory catechism of pleading defendants should be required." *People v. Nixon*, 21 N.Y.2d 338, 353, 287 N.Y. S.2d 659, 234 N.E.2d 687 (1967).

Rule 11 requires, *inter alia*, that the court "shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea." Petitioner maintains that the plea was defective because the requirements of Rule 11, Fed.R.Crim.P., were not met.

■ Obviously Rule 11, a federal rule, is not as a matter of law applicable to state courts. *Roddy v. Black*, 516 F.2d 1380 (6th Cir.1975), *cert. denied*, 423 U.S. 917, 96 S.Ct. 226, 46 L.Ed.2d 147 (1976); *Cammack v. New York*, 457 F.Supp. 1190 (E.D.N.Y. 1978). The question is whether its requirement that federal judges satisfy themselves that there is a factual basis for the plea is a statutory restatement of a constitutional requirement. I find that it is not.

I note preliminarily that Rule 11(f) does not particularly address itself to inquiries by the court at the time of plea. It rather constrains the judge not to enter judgment upon a plea of guilty until he has satisfied himself that there is a factual basis for the plea:

> (f) Determining accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

Such inquiry should satisfy the judge that the defendant is pleading voluntarily with an understanding of the nature of the charge, and that the defendant's conduct falls within the charge. That satisfaction may presumably be derived by making inquiry of the defendant, or of the attorneys, or it may even be derived from the presentence report:

> An inquiry might be made of the defendant, or of the attorneys for the government and the defense, of the presentence report when one is available, or by what-

ever means is appropriate in a given case.

Notes of Advisory Committee on Rules.

In *United States v. Timmreck*, 441 U.S. 780, 783, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979), the Court held that collateral relief was not available when it was shown that the district judge had failed to inform petitioner of a mandatory special parole term. The Court noted that the district court's omission was a formal violation of Rule 11. "Such a violation is neither constitutional nor jurisdictional: the 1966 amendment to Rule 11 could not amend the Constitution or limit the jurisdiction of the courts." *Id.* at 783, 99 S.Ct. at 2087. The Court limited its holding to formal violations of Rule 11 and emphasized that the formal violation had not prejudiced the petitioner's due process rights. Furthermore, the Court specifically declined to determine what effect an aggravating circumstance would have had on the decision.

■ A factual basis inquiry is not constitutionally imposed on the states.[5] *Willbright v. Smith*, 564 F.Supp. 396 (S.D.N.Y. 1982), *remanded*, 729 F.2d 1441 (2nd Cir. 1983), *on remand in unpublished opinion* (1984), *aff'd* 745 F.2d 779 (2nd Cir.1984). *Cf. Fambo v. Smith*, 433 F.Supp. 590, 593 n. 1 (W.D.N.Y.), *aff'd*, 565 F.2d 233 (2d Cir.1977) (the court did "not find that New York State courts must follow the practice of the federal courts under the Federal Rules of Criminal Procedure, Rule 11 [citation omitted], and establish on the record that a factual basis for the guilty plea exists...."). Due process requirements are met so long as a guilty plea is intelligently and voluntarily entered. *See Willbright v. Smith*, 564 F.Supp. 396, 399 *remand* 745 F.2d 779 (2nd Cir.1984); *Fambo v. Smith*, 433 F.Supp. at 594; *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); *Siegel v. State of New York*, 691 F.2d 620 (2d Cir.1982), *cert. denied*, 459 U.S. 1209, 103 S.Ct. 1201, 75

---

5. In 1971, the year after petitioner's conviction in that state, the Supreme Court of Georgia decided that Georgia state judges, in accepting a plea of guilty, have the same duty in satisfying themselves that there is a factual basis for the plea as do federal judges under Rule 11. *Purvis v. Connell*, 227 Ga. 764, 182 S.E.2d 892 (1971).

L.Ed.2d 443 (1983). If there are no aggravating circumstances, due process is satisfied, for example, when the pleader has been advised by competent counsel and the plea was accepted by a judge familiar with the underlying facts. *See Willbright v. Smith,* 564 F.Supp. at 400; *Godwin v. United States,* 687 F.2d 585, 590 (2nd Cir. 1982).

Although the record does not indicate that Judge Holt made a factual inquiry prior to accepting petitioner's guilty plea, or that Judge Holt was familiar with the underlying facts, petitioner's due process rights were satisfied. As set forth in the record before Judge Edwards, Judge Holt, prior to accepting petitioner's guilty plea, had the defense counsel, the district attorney, and the probation officer for plea negotiations retire to a room and engage in off-the-record discussions. The parties then reported to Judge Holt and in his presence inquiry was made of the petitioner to make sure that he had been told by his attorney of the nature of the charges and of his rights,[6] and that his plea was freely and voluntarily given. (*See* footnote 3). While ideally the explication of the charges and of the petitioner's rights would have been on the record to facilitate review, *see Fambo v. Smith,* 433 F.Supp. at 593, n. 1, I am satisfied that petitioner knowingly and voluntarily pled guilty to the Georgia charges.[7]

There are no aggravating circumstances in the instant case which would have signalled a need for a factual basis inquiry. *See Suggs v. LaValle,* 570 F.2d 1092 (2d Cir.), *cert. denied,* 439 U.S. 915, 99 S.Ct.

290, 58 L.Ed.2d 263 (1978) (plea held invalid because Suggs had been mentally incompetent when they were entered); *United States ex rel. Dunn v. Casscles,* 494 F.2d 397 (2d Cir.1974) (plea held invalid because defendant gave inconsistent answers at the plea allocution). As previously noted, the Supreme Court in *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979), specifically limited its holding as to the lack of a constitutional requirement for a Rule 11 inquiry to situations in which there are no aggravating circumstances.

▮ I find that, with respect to the predicate felony, Judge Holt's failure to elicit a factual basis for the plea does not warrant holding that conviction invalid. Judge Holt could have concluded on the proceedings before him that the petitioner was aware of the nature of the crime to which he was pleading guilty. There were no aggravating circumstances which would have warranted a further factual inquiry.

SO ORDERED.

---

**6.** MR. HAYES: Is Mr. Ward Matthews your attorney? Excuse me one second. Who is your attorney?
MR. SMITH: Mr. Smith, Mr. Andrew Smith.
MR. MATTHEWS: Now, he has discussed this matter thoroughly with you, has he not?
MR. SMITH: Yes.
MR. MATTHEWS: And we have discussed it with the district attorney.
MR. SMITH: Yes.
MR. MATTHEWS: And Mr. Smith has asked me to stand here with you for the purpose of entering a plea, is that correct?
MR. SMITH: Yes, sir.

MR. MATTHEWS: Are you satisfied for me to do that?
MR. SMITH: Yes.
MR. HAYES: Did you discuss the nature of these charges with your attorney, Mr. Smith?
MR. SMITH: Yes.
Transcript of proceedings, November 19, 1970, p. 2.

**7.** I note that petitioner has not raised ineffective assistance of counsel as a separate ground, but only in claiming he was not apprised of the elements of the crime. As noted *supra,* petitioner's statements on the record at the time of plea are to be accorded great deference.