STATE OF CONNECTICUT *v.* CHESTER BROWN

KING, C. J., ALCORN, HOUSE, COTTER and RYAN, Js.

Argued October 9, 1968—decided January 9, 1969

*Igor I. Sikorsky, Jr.,* special public defender, for the appellant (defendant).

*Arlen D. Nickowitz,* assistant state's attorney, with whom, on the brief, was *Otto J. Saur,* state's attorney, for the appellee (state).

RYAN, J. On September 29, 1961, upon a trial to the jury, the defendant was found guilty of the crime of rape. Thereafter he pleaded guilty to the second part of the information wherein he was charged with being an habitual criminal under § 54-121 of the General Statutes and was sentenced to the state prison. On March 10, 1965, the defendant filed a petition in the Superior Court for a writ of habeas corpus against the warden of the state prison, alleging that he did not appeal from the judgment of conviction because his attorney refused to continue his services to prosecute an appeal and because no counsel was assigned to him to prosecute the appeal. He also alleged that he was illegally confined and that his conviction under the habitual criminal statute was based on an invalid conviction obtained in the state of Maine. On June 10, 1965, following a hearing on the habeas corpus petition, the court *(Dube, J.)* found the issues for the defendant warden and rendered judgment denying the petition

with the following addendum: "but the plaintiff is granted the right to appeal his criminal case." On June 21, 1965, pursuant to § 52-470 of the General Statutes, the defendant filed a request for the certification of his appeal from the judgment denying his petition. On June 23, 1965, this request was denied. Later, the defendant filed a petition for a writ of habeas corpus in the United States District Court for the district of Connecticut. On June 1, 1966, that court rendered judgment sustaining the claim of the defendant that one of his prior convictions was secured in violation of his constitutional rights and ordering that he be resentenced by the Superior Court upon his conviction of September 29, 1961, as if he were a first felony offender. On June 3, 1966, the defendant was resentenced in accordance with the judgment of the United States District Court. On June 21, 1967, the defendant's motions that counsel be appointed to represent him and that he be permitted to proceed in forma pauperis were granted, and, on the same day, the defendant filed a notice of intention to appeal "pursuant to the order of the Honorable Judge Norman Dube entered June 10, 1965." The notice of appeal was filed more than two years after the date of this order. Thereafter, the appeal to this court was filed.

The record in this case indicates that the defendant's notice of appeal to this court was filed five years and nine months after final judgment was rendered in the Superior Court. "The right of appeal is purely statutory and is accorded only if the conditions fixed by statute and the rules of court for taking and prosecuting the appeal are met. *Kennedy* v. *Walker,* 135 Conn. 262, 266, 63 A.2d 589." *Howarth* v. *Northcott,* 152 Conn. 460, 462, 208 A.2d 540. Obviously, the two-week period provided for

filing an appeal by § 378 of the 1951 Practice Book
(now twenty days as provided in Practice Book,
1963, § 601, as amended) had expired, and there is
nothing in the record to indicate that there was any
attempt made by the defendant to take an appeal
within the time limited by our rule. This appeal is
predicated upon the judgment of the Superior Court
*(Dube, J.)* in the habeas corpus action dated June 10,
1965, wherein the court found the issues for the
defendant warden and denied the defendant's peti-
tion for a writ of habeas corpus, but purported to
grant the defendant the right to a late appeal in his
criminal case.

There are two situations in which the trial court
or a judge thereof is authorized to allow an appeal
subsequent to the expiration of the time limited by
the rule. The first is where, under the provisions of
§ 413 of the 1951 Practice Book (now Practice Book,
1963, § 665), the court or a judge thereof grants an
extension of time for the filing or the perfecting of
an appeal. *More* v. *Urbano,* 150 Conn. 687, 688,
185 A.2d 475. The only other situation in which this
court has approved the action of a trial court or a
judge thereof in allowing an appeal after the period
provided under the rule has elapsed without the
granting of proper extensions of time under § 413
of the 1951 Practice Book (now Practice Book, 1963,
§ 665) has been "where on habeas corpus it has been
properly determined that a right of appeal required
by the federal constitution has been denied," in
which case "any rule restricting an appeal merely
because of lapse of time necessarily is ineffective to
preclude an appeal in accordance with federal con-
stitutional requirements." *Fredericks* v. *Reincke,*
152 Conn. 501, 508, 208 A.2d 756. In a recent case,
we held: "[A] petitioner may collaterally raise fed-

eral constitutional claims in a habeas corpus proceeding even though he has failed to appeal his federal constitutional claims directly to us if he alleges and proves, by a fair preponderance of the evidence, facts which will establish that he did not deliberately bypass the orderly procedure of a direct appeal. To be more precise, he must both allege in his petition and prove at the habeas corpus hearing that he did not 'after consultation with competent counsel or otherwise, understandingly and knowingly . . . [forego] the privilege of seeking to vindicate his federal claims' by a direct appeal to this court. *Fay v. Noia,* . . . [372 U.S. 391, 439, 83 S. Ct. 822, 9 L. Ed. 2d 837]. The burden of alleging and proving such facts is rightfully on the petitioner. *Nash v. United States,* 342 F.2d 366, 368 (5th Cir.). The determination whether a prisoner has deliberately bypassed the orderly procedure of an appeal must be made from the facts in each case. *Fay v. Noia,* supra, 440; see *Townsend v. Sain,* 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770. Unless such a procedure as that herein laid down is followed, the way is left open for any long-term prisoner deliberately to defer his habeas corpus action until the requisite evidence for a conviction has disappeared, so that, if his habeas corpus is successful, he is necessarily released regardless of the evidence which was originally available to the state to prove his guilt." *Vena v. Warden,* 154 Conn. 363, 366, 225 A.2d 802.

In the instant case, there was no determination by the trial court in the habeas corpus proceeding that the defendant did not deliberately bypass the orderly procedure of a direct appeal and that a constitutionally required right of appeal was denied him. In fact, by denying the defendant's petition for a writ of habeas corpus and rendering judgment for

the warden, the trial court rejected the contention of the defendant that he had been denied a right of appeal required by the federal constitution. The trial court was therefore without authority to grant a late appeal, and the appeal filed pursuant to its order is not properly before us.

The appeal is dismissed without prejudice to the right of the defendant in an application for a writ of habeas corpus to seek a determination of his claim that he has been deprived of a right of appeal required by the federal constitution.

In this opinion the other judges concurred.