RICKY S. SMITH *v.* CARL ROBINSON, WARDEN
(4149)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 3—decision released August 12, 1986

*James L. Radda,* for the appellant (petitioner).

*Steven M. Sellers,* deputy assistant state's attorney, with whom, on the brief, was *John J. Kelly,* chief state's attorney, for the appellee (respondent).

DUPONT, C. J. The petitioner appeals from a judgment dismissing his petition for a writ of habeas corpus. The sole relief sought in the petition was the reinstatement of an appeal which he had withdrawn in connection with a plea bargain agreement. The issue to be resolved is whether the trial court hearing the habeas

corpus petition erred in concluding that the withdrawal of the appeal was done knowingly, intelligently and voluntarily.[1]

The petitioner was sentenced, after his conviction, by a jury, of robbery in the third degree, to a term of imprisonment of five years. Two weeks later, he entered guilty pleas in three other files to various other offenses as part of a plea bargain agreement. That agreement provided that he would receive a ten year sentence for these offenses, to run consecutively to the five year sentence previously received, that the state would withdraw two persistent felony offender charges against him, that any sentence imposed for two criminal charges pending in another judicial district would be concurrent to the total effective sentence of fifteen years,[2] and that he would withdraw his pending appeal from the judgment of conviction of robbery in the third degree.[3] The same trial court which presided at the jury trial presided at the canvass of the petitioner's pleas which were entered pursuant to the plea bargain. The petitioner withdrew the appeal, in writing, on the same date that he entered the guilty pleas.

If the petitioner validly waived his right to appeal in exchange for the state's agreed upon recommendation, his appeal should not be reinstated. If, however, the

---

[1] The sentencing court, *Rottman, J.,* conducted the plea canvass. Our review of the trial court's action in the habeas corpus proceeding includes both a review of the plea canvass and the hearing on the habeas corpus petition itself. See *State* v. *Badgett,* 200 Conn. 412, 414 n.2, 512 A.2d 160 (1986).

[2] It is unnecessary to decide the efficacy of a plea bargain which incorporates or depends upon a proposed sentence to be imposed by another sentencing court pursuant to future guilty pleas.

[3] The parties do not raise, and we, therefore, do not decide, whether, if one portion of the plea bargain agreement, the waiver of the right to appeal the petitioner's conviction, is negated, the entire plea bargain becomes nugatory. See *Cubbage* v. *State,* 304 Md. 237, 498 A.2d 632 (1985); *State* v. *Gibson,* 68 N.J. 499, 348 A.2d 769 (1975); *Blackburn* v. *State,* 290 S.E.2d 22 (W.Va. 1982).

petitioner did not waive his right to appeal because his relinquishment of that right was not knowing, intelligent and voluntary, his appeal should be reinstated. See *Paulsen* v. *Manson,* 193 Conn. 333, 338, 476 A.2d 1057 (1984).

The leading case of *Staton* v. *Warden,* 175 Conn. 328, 398 A.2d 1176 (1978), furnishes the basis for our analysis of the issue in this case. *Staton* establishes two basic principles. One is that Connecticut stands with "[t]he numerical majority of courts which have considered the question [whether a criminal defendant may waive the right to appeal in exchange for a favorable sentence or sentences and which] hold that, if knowing and voluntary, a waiver of appeal by the defendant in a criminal case is valid . . . ." *Cubbage* v. *State,* 304 Md. 237, 240, 498 A.2d 632 (1985); see also 86 A.L.R.3d 1257. The second is that "the right of appeal should not be considered as having been waived or abandoned except where it is clearly established that such is the case." *Staton* v. *Warden,* supra, 334–35. A third principle is that whether the evidence is sufficient to support a finding that the habeas petitioner deliberately bypassed his right of direct appeal because he intelligently, understandingly and voluntarily waived this statutory right of appeal depends upon the circumstances of each case. *Paulsen* v. *Manson,* supra, 338.

Some of the facts of *Staton* are similar to those of this case. Other facts are dissimilar. The question becomes, then, whether the dissimilar facts require a different conclusion than that reached in *Staton.* In that case, the petitioner was allowed to reinstate his appeal because his waiver of his right to appeal in conjunction with a plea bargaining agreement was found not to have been made with a full understanding of its consequences.[4]

---

[4] In those jurisdictions which allow a defendant to waive his right to appeal in connection with a plea bargain agreement, the validity of the waiver must

The facts in *Staton* were that immediately after the petitioner was sentenced, pursuant to a conviction by a jury, he ran from the courtroom and had to be subdued by several policemen. He was then charged with attempted escape from custody and interfering with a police officer. The plea agreement was that the petitioner would plead guilty to these additional charges and receive a sentence of one to six years on each count, to be served concurrently with the sentence for the charge of which the jury convicted him, in exchange for the withdrawal of his appeal in the primary case. He received the agreed upon sentences and at a later date formally withdrew his appeal. During the sentencing pursuant to the plea arrangement, the petitioner's attorney stated that the appeal had been filed to preserve the petitioner's rights since he continued to protest his innocence, but that, in the attorney's opinion, there was no legal basis for the success of the appeal. The attorney further indicated that in all probability he would have sought to withdraw as a public defender for the purpose of the appeal. See *Anders* v. *California,* 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493, reh. denied, 388 U.S. 924, 87 S. Ct. 2094, 18 L. Ed. 2d 1377 (1967). The petitioner expressed his understanding of, and agreement with, the statements of his counsel. He indicated that he was satisfied with the withdrawal of his appeal. Nothing else was said regarding his appeal rights.

The petitioner in *Staton* claimed, on appeal, that his decision was made because he feared he would have received a greater penalty for the additional charges if he had pursued his appeal. The trial court which canvassed the guilty pleas was not the trial court which

be tested by determining whether there was judicial inquiry into the full implications of the waiver, including its consequences. *People* v. *Jasper,* 107 Misc. 2d 992, 436 N.Y.S.2d 185 (1981); see *Gwin* v. *State,* 456 So. 2d 845 (Ala. 1984); *People* v. *Bailey,* 1 Cal. 3d 180, 460 P.2d 974, 81 Cal. Rptr. 774 (1969); *Judy* v. *Indiana,* 275 Ind. 145, 416 N.E.2d 95 (1981).

had presided at the jury trial leading to the petitioner's conviction. The canvassing court was not apprised of the issues of the trial, the evidence presented or the scope of the defense. It did not attempt to explore or resolve the conflict between the waiver of appeal and the petitioner's claim of innocence. In order to determine how to resolve that conflict, the Supreme Court stated that the trial court would appear to need an *Anders* type of report.[5] *Staton* v. *Warden,* supra, 335–36. Furthermore, the petitioner was not advised that if the public defender withdrew from participation in the appeal, it did not necessarily follow that the petitioner would have to obtain private counsel in order to pursue his appeal. Id., 336 n.5.

One salient difference between the facts of *Staton* and the facts of this case is that in this case the trial court which presided at the jury trial also presided at the canvass of the guilty pleas entered pursuant to the plea bargain agreement. Thus, the court in this case had no need of an *Anders* type report. The need, however, effectively to question the accused himself about the dichotomy between his appeal waiver and his claim of innocence remained. *Staton* v. *Warden,* supra, 336.

Another factual difference is that, in *Staton,* the petitioner filed the withdrawal of his appeal at a subsequent time, whereas, in this case, the petitioner filed his withdrawal, in writing, contemporaneously, or nearly so, with the acceptance of his guilty pleas.

A review of the record of the plea canvass relating to the waiver of the petitioner's appeal shows that the petitioner's counsel said that the petitioner indicated

---

[5] The court in *Staton* v. *Warden,* 175 Conn. 328, 398 A.2d 1176 (1978), treats a waiver of appeal as inconsistent with a claim of innocence. In another context, however, a claim of innocence, does not prevent a trial court from accepting a knowing and voluntary guilty plea from an accused who wants a sentencing consideration. *North Carolina* v. *Alford,* 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970).

to him that the petitioner understood that he did not have a substantial basis for his appeal, that the petitioner said he had signed a withdrawal of his appeal, that the petitioner said that as part of his plea bargain he was withdrawing his appeal, and that the petitioner stated that he withdrew the appeal of his own free will. No other questions or statements were made with reference to the waiver of his appeal. At the habeas corpus hearing, the petitioner testified that he withdrew the appeal in order to receive a lesser sentence, and that was why he had signed the withdrawal. He also testified that his lawyers told him that he did not have a basis for an appeal. He did not testify, however, as did the petitioner in *Staton,* that he agreed with that conclusion. He stated that "[t]he plea is good, you know, but the waiver, I didn't understand that, you know."[6]

A recent case, *State* v. *Badgett,* 200 Conn. 412, 512 A.2d 160 (1986), is of help in the analysis of this case, insofar as that case also concerns the necessary ingredients of a knowing, voluntary and intelligent waiver of a right. In that case, the court, in accepting a guilty plea, asked the accused if he understood that he was giving up his right to a trial, instead of a *jury* trial. The question was held to be constitutionally sufficient because of the assumption that at the time of his initial plea of not guilty he was advised of his right to a trial by jury because he did, in fact, elect a jury trial. Id., 419. In this case, we can similarly assume that, immediately after the imposition of a sentence for the robbery conviction, the petitioner was advised, pursuant to Practice Book § 945, that he had a right to apply for a waiver of fees, costs and expenses and for

---

[6] The petitioner also stated that he wanted to appeal because he was tried under his brother's name, and that he looked like his brother so that the witnesses who identified him at trial could have been confused. The petitioner further claimed that the warrants for his arrest were in the name of Richard S. Smith. The appeal was filed in the name of Richard S. Smith. The petitioner testified that his brother's name is Richard S. Smith.

the appointment of counsel to prosecute the appeal, because the petitioner did, in fact, appeal and did obtain such a waiver of fees, costs and expenses, and appointment of counsel. The knowledge that a right to appeal exists, however, is not the same as knowledge of the consequences of a decision to withdraw an appeal. See *Staton* v. *Warden,* supra, 336.

The petitioner knew that he had a right to appeal, and a right to counsel, and a waiver of fees and costs. The question, however, is whether he knowingly and intelligently abandoned his right of appeal. See *Brown* v. *Haynes,* 385 F. Sup. 285 (W.D. Mo. 1974); *D'Amico* v. *Manson,* 193 Conn. 144, 476 A.2d 543 (1984). The answer to that question, of necessity, involves whether the petitioner had a knowledge and understanding of the possible consequences of an appeal.

An appeal might result in a judgment that there was no error in the trial, or in a judgment of not guilty. An appeal might also result in a new trial, with all of its concomitant rights, such as a right to a trial by jury, the right to confront the witnesses against the accused, and the right to be free from self-incrimination. A new trial might result in a lesser or in the same sentence, but cannot result in a harsher sentence unless a harsher sentence is warranted because of the conduct of the defendant after the original sentence. *State* v. *Corchado,* 200 Conn. 453, 457, 512 A.2d 183 (1986). If a new trial is ordered, an appeal may be taken from it.

In this case, the petitioner had already received the maximum sentence for robbery in the third degree and, therefore, in the event of a new trial, he could never receive a harsher sentence. An accused's primary consideration in a plea bargain agreement is the amount of time he may be incarcerated. *State* v. *Schaeffer,* 5 Conn. App. 378, 390, 498 A.2d 134 (1985). The possibility of a greater or lesser or synonymous sentence,

or no sentence at all, if an appeal is taken, must be explained to an accused. Otherwise, he cannot knowingly and intelligently decide whether, in connection with a plea agreement, he should waive his right to appeal.

A canvass of guilty pleas given in exchange for the relinquishment of the right to appeal a judgment of conviction must include certain basic questions. According to the tutelage of *Staton* v. *Warden,* supra, a defendant must know that he will be represented by counsel in that appeal, even if he is indigent, and must be told about the consequences of success or failure of the appeal.

In this case, the petitioner knew that he had the right to appeal, that he could obtain counsel to represent him in the appeal, and that fees and costs would be waived. He had also been advised by two lawyers that in their opinion, he had no legal basis for an appeal. No questions were asked of him, however, relating to the conflict between his claim of innocence and the waiver of the appeal, as mandated by *Staton* v. *Warden,* supra, 335–36, nor were the possible consequences of the waiver of appeal explained to him. On the basis of all of the facts of this case, on our review of the plea canvass conducted by the sentencing court, and on our review of the testimony at the hearing on the petition for habeas corpus, we conclude that the petitioner's withdrawal of his appeal was not knowing and intelligent.

There is error, the judgment is set aside and the case is remanded with direction to grant the petition and to reinstate the appeal.

In this opinion the other judges concurred.