DONALD GALLAND *v.* GEORGE D. BRONSON, WARDEN (6588)

DALY, O'CONNELL and STOUGHTON, Js.

Argued June 15—decision released September 6, 1988

*Donald Galland,* pro se, the appellant (petitioner).

*James A. Killen,* deputy assistant state's attorney, with whom, on the brief, were *Roland Fasano* and *Steven M. Sellers,* assistant state's attorneys, for the appellee (respondent).

STOUGHTON, J. The petitioner,[1] after he had sought and received proper certification, appealed from the judgment denying the relief sought in his petition for a writ of habeas corpus. The appeal was subsequently withdrawn by the petitioner. A motion to have his appeal reinstated was denied by this court. Thereafter, a petition to the trial court for recertification to appeal was granted, and the trial court purported to reinstate the appeal. We are constrained, sua sponte, to vacate the order of the trial court, remand this case and order that the petition for recertification be dismissed.

The relevant facts are as follows. After a trial to a jury, the petitioner was convicted of two counts of robbery in the first degree. The petitioner was sentenced on each count to the custody of the commissioner of correction for a period of nine to eighteen years to be served concurrently. After exhausting his right to an appeal,[2] the petitioner applied for a writ of habeas corpus in which he challenged the robbery convictions because of alleged underrepresentation of various

---

[1] The petitioner, who was named in the substitute information as David Gethers a/k/a Don Galland, is now known as Donald Galland.

[2] The petitioner appealed from the judgment of conviction and our Supreme Court found no error in the trial. *State* v. *Gethers,* 193 Conn. 526, 480 A.2d 435 (1984). The sentences for the robbery convictions were ordered to be served consecutively to another sentence which had been imposed after a conviction for tampering with a witness. The judgment of conviction in that case was also appealed from, and our Supreme Court found no error in that trial. *State* v. *Gethers,* 197 Conn. 369, 497 A.2d 408 (1985).

groups within the jury array and ineffective assistance of counsel. The trial court found that the petitioner had not proved his claim that the jury array was racially biased and did not represent a fair cross section of the community, and that the actions of the petitioner's trial attorney were well within the range of professionally competent assistance. The petitioner appealed from the judgment denying his petition, and certification was granted.[3]

Approximately one month later, the petitioner filed and was granted a withdrawal of his appeal. Two months thereafter, the petitioner filed a motion in this court seeking reinstatement of his appeal, stating that he had filed the withdrawal by accident. The petitioner's motion was denied. Thereafter, the petitioner filed a motion in the Superior Court entitled: "Petition to the Trial Court for the Certification to Appeal" wherein the petitioner set forth his claim that he had withdrawn his appeal and stated that he had filed a

---

[3] By an amended petition, the petitioner claimed that his convictions were illegal because (1) he was denied effective assistance of counsel because of counsel's failure to challenge the jury array, and (2) he was denied his constitutional right to an impartial jury and thus a fair trial in violation of the sixth and fourteenth amendments to the United States constitution. The latter claim arises out of an alleged exclusion or underrepresentation of various groups in the jury array. The amended petition was filed by an assistant public defender who represented the petitioner at the evidentiary hearing. Subsequently, a different public defender filed a motion for articulation in which she represented that the only claim raised at the evidentiary hearing was the claim of ineffective assistance of counsel due to the failure to challenge the jury array, and that the question of whether there had been a violation of the petitioner's rights to a fair trial and an impartial jury had not been presented and would be consolidated with other such claims in another proceeding. The trial court was asked to make such corrections as were necessary to confine its ruling to whether the petitioner had been denied ineffective assistance of counsel. The trial court responded that "the court's findings of fact and legal conclusions in regard to the fourteenth and sixth amendments to the United States constitution are made solely as a predicate for the court's decision in regard to petitioner's claim of ineffective assistance of counsel."

motion in this court seeking reinstatement of his appeal because he had filed the withdrawal form by accident. It also stated that this court had denied his motion. The trial court granted the petitioner's motion and purported to reinstate the petitioner's right to appeal. The appeal had already been certified and, therefore, recertification by itself would have been meaningless.

By necessity, this court must have exclusive power over the control of its own docket. *State* v. *Robinson,* 10 Conn. App. 520, 524, 523 A.2d 1365, cert. denied, 204 Conn. 807, 528 A.2d 1154 (1987). The trial court was without authority to order that the appeal be reinstated and to attempt, thereby to overrule the order of this court. We do not question the power of the trial court, on a petition for writ of habeas corpus and after a hearing, to fashion any appropriate order. The trial court did not have a petition for habeas corpus before it. A motion to reinstate the appeal was properly made to this court and ruled upon by us. The trial court may not interfere with the supervisory powers of this court.

Practice Book § 4183 provides that this court may, on its own motion, vacate any order made by the trial court in relation to the prosecution of an appeal. Accordingly, we vacate the order of the trial court.

There is error, the order reinstating the petitioner's appeal is vacated and the case is remanded with direction to dismiss the petition for certification.

In this opinion the other judges concurred.