## NABIL KADDAH *v.* COMMISSIONER
## OF CORRECTION
## (SC 18565)

Rogers, C. J., and Norcott, Katz, Palmer, McLachlan, Eveleigh and Vertefeuille, Js.

Argued September 10—officially released November 30, 2010

*Deren Manasevit*, special public defender, for the appellant (petitioner).

*Susann E. Gill*, supervisory assistant state's attorney, with whom, on the brief, was *Jonathan C. Benedict*, former state's attorney, for the appellee (respondent).

*Opinion*

VERTEFEUILLE, J. The petitioner, Nabil Kaddah, appeals[1] from the denial of his petition for certification to appeal from the judgment of the habeas court, which

---

[1] The petitioner appealed from the judgment of the habeas court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

summarily dismissed his petition for a writ of habeas corpus as successive to a prior habeas petition that the petitioner had filed.[2] The petitioner claims that the habeas court abused its discretion in denying certification to appeal because it is debatable among jurists of reason whether: (1) the present petition presented the same grounds and request for relief as a prior petition; and (2) the state and federal constitutional guarantees of due process afford the petitioner a right to notice and an opportunity to be heard before a court summarily dismisses a habeas petition under Practice Book § 23-29.[3] The relief that the petitioner requested in his habeas petition was an order reinstating his appeal from the denial of a prior habeas petition, which the petitioner withdrew while it was pending in the Appellate Court. We agree with the habeas court's decision on the alternate ground that the allegations of the habeas petition are insufficient to state a claim for the relief that the petitioner sought pursuant to § 23-29 (2). Accordingly, we dismiss the appeal.

The record reveals the following procedural facts relevant to this appeal. On November 22, 1996, the petitioner was convicted of murder in violation of General Statutes § 53a-54a (a), attempt to commit murder in

---

[2] We use the term "successive" to refer to a habeas petition that presents the same claim or claims as a prior petition that has been denied, and "fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition . . . ." Practice Book § 23-29 (3).

[3] Practice Book § 23-29 provides: "The judicial authority may, at any time, upon its own motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that:

"(1) the court lacks jurisdiction;

"(2) the petition, or a count thereof, fails to state a claim upon which habeas corpus relief can be granted;

"(3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or to proffer new evidence not reasonably available at the time of the prior petition;

"(4) the claims asserted in the petition are moot or premature;

"(5) any other legally sufficient ground for dismissal of the petition exists."

violation of General Statutes §§ 53a-54a (a) and 53a-49 (a), and unlawful restraint in the first degree in violation of General Statutes § 53a-95 (a). The trial court sentenced the petitioner to a total effective term of incarceration of seventy-five years.[4] Attorney James Ruane represented the petitioner during his trial. Following his conviction, the petitioner, represented by Attorney Glenn Falk, filed a direct appeal from his conviction, and this court affirmed the judgment of the trial court. *State* v. *Kaddah*, 250 Conn. 563, 736 A.2d 902 (1999).

On May 1, 2001, the petitioner, represented by Attorney Salvatore Adamo, filed his first petition for writ of habeas corpus in state court[5] and, in an amended petition, alleged ineffective assistance of his trial counsel, Attorney Ruane, and his counsel on the direct appeal, Attorney Falk (first petition). Following a trial, the habeas court determined that neither trial counsel nor appellate counsel had rendered ineffective assistance and, further, even if the petitioner had proven that counsel had rendered ineffective assistance, any deficiency in the representation would not have prejudiced the result of the petitioner's trial or direct appeal. The habeas court therefore dismissed the first petition, and, on March 8, 2004, denied the petitioner's request for certification to appeal from the dismissal.[6] The peti-

---

[4] The petitioner is presently in the custody of the respondent, the commissioner of correction, for these convictions.

[5] Prior to filing his first state habeas petition, the petitioner had filed a habeas petition in federal court alleging that he did not understand the nature of his defense at trial and that his trial counsel had prevented him from testifying. The United States District Court for the District of Connecticut dismissed the petition for failure to exhaust state court remedies regarding the claims made in the petition and the petitioner subsequently filed his first state court habeas petition. *Kaddah* v. *Strange*, United States District Court, Docket No. 3:00CV1642 (CFD) (D. Conn. January 18, 2001).

[6] Before the habeas court denied the petitioner's application for certification to appeal from the denial of his first petition, the petitioner filed a second habeas petition claiming ineffective assistance of counsel by Attorney Adamo, who had represented him with regard to his first petition. On May 5, 2006, the second habeas court, following a trial, denied the petitioner's second petition on the ground that the petitioner's counsel on his first

tioner filed an appeal from the denial of certification in the Appellate Court. On September 30, 2004, however, the petitioner, represented by Attorney Joseph Visone, withdrew that appeal (withdrawn appeal) before the Appellate Court could hear the case.

Thereafter, on March 14, 2008, the petitioner filed a federal habeas petition in the United States District Court for the District of Connecticut, again claiming ineffective assistance of both trial counsel and counsel on direct appeal. *Kaddah* v. *Lee*, United States District Court, Docket No. 3:08CV519 (SRU), 2008 WL 4534264, *1 (D. Conn. October 7, 2008). The District Court thereafter dismissed the petition for failure to exhaust state court remedies, concluding that the petitioner had failed to exhaust his state court remedies because he had withdrawn his appeal before any state appellate court could review his claims. Id., *2–3.

Following the dismissal of his federal habeas petition, the petitioner filed the state habeas petition that is the subject of this appeal (present petition). In the present petition, the petitioner again alleged ineffective assistance by both his criminal trial counsel and his counsel on direct appeal. The relief the petitioner sought was reinstatement of the withdrawn appeal[7] so that he could

petition had not rendered ineffective assistance. The second habeas court also denied the petitioner's application for certification to appeal from the dismissal. The petitioner appealed from that denial of certification to the Appellate Court, which dismissed the appeal, and this court thereafter denied certification. *Kaddah* v. *Commissioner of Correction*, 105 Conn. App. 430, 939 A.2d 1135, cert. denied, 286 Conn. 903, 943 A.2d 1101 (2008).

[7] Although the petitioner refers to his request for relief as one seeking "restoration of his appellate rights," we use the phrase "reinstatement of the withdrawn appeal" because this more aptly characterizes the petitioner's request. The petitioner makes no allegation that his right to file an appeal was denied to him; instead, he requests that the appeal that he already filed, but later withdrew, be reinstated. Compare *Jarrett* v. *Commissioner of Correction*, 108 Conn. App. 59, 61 n.1, 947 A.2d 395 (noting that petitioner's appellate rights were restored when counsel failed to file timely appeal), cert. denied, 288 Conn. 910, 953 A.2d 653 (2008), with *Smith* v. *Robinson*, 8 Conn. App. 459, 466, 513 A.2d 187 (1986) (reinstating petitioner's appeal when his decision to withdraw appeal was not valid waiver of right to appeal).

exhaust his state court remedies, and then file a habeas corpus petition in federal court.[8] The habeas court reviewed the present petition and concluded that it presented the same ground that had been presented in the first petition and "fail[ed] to state new facts or proffer new evidence not reasonably available at the time of the [first] petition." Thus, pursuant to Practice Book § 23-29 (3), the habeas court summarily dismissed the petition as successive. This appeal followed after the habeas court denied certification to appeal. Further facts will be set forth as necessary.

On appeal, the petitioner makes two claims in support of his assertion that the habeas court abused its discretion in denying certification to appeal from the dismissal of his present petition. First, the petitioner claims that his present petition was not successive to the first petition because he sought a different remedy than that requested in his first petition. Second, the petitioner claims that Practice Book § 23-29 does not permit summary dismissals of habeas petitions without prior notice and an opportunity to be heard, which he was not given in the present case. Alternatively, the petitioner claims that, to the extent § 23-29 allows for summary dismissal of habeas petitions without prior notice and an opportunity to be heard, it violates his state and federal constitutional rights to due process. Additionally, the petitioner claims that the habeas court should have granted relief by reinstating the withdrawn appeal.

The respondent, the commissioner of correction, disagrees, contending that the habeas court did not abuse

---

[8] In addition to requesting reinstatement of his withdrawn appeal, the petitioner, in his present petition, also checked the box on the standard habeas petition form that indicated that he was asking the court to "[o]rder [a] new trial or release me." In his briefs to this court and at oral argument, however, the petitioner made clear that he is not pursuing a new trial on the basis of this petition but, instead, is seeking only reinstatement of his appeal in the Appellate Court. We, therefore, deem any request for his release from custody or for a new trial to be abandoned.

its discretion in denying certification to appeal because the present petition was successive on its face. The respondent also argues that Practice Book § 23-29 permits summary dismissal of a habeas petition and that such a dismissal does not offend state and federal constitutional rights to due process. The respondent further contends that, although the petitioner may have sought different relief from that requested in the first petition, the appeal nevertheless should be dismissed because the remedy that the petitioner seeks, reinstatement of the withdrawn appeal, is not available on the basis of the allegations in the present petition. We agree with the respondent with regard to the last claim and conclude that the petitioner cannot obtain reinstatement of his appeal on the basis of the allegations in the present petition. We therefore dismiss the appeal.

We begin by setting forth the applicable standard of review and procedural hurdles that the petitioner must surmount to obtain appellate review of the merits of a habeas court's denial of the habeas petition following denial of certification to appeal. In *Simms* v. *Warden*, 229 Conn. 178, 187, 640 A.2d 601 (1994), we concluded that General Statutes § 52-470 (b)[9] prevents a reviewing court from hearing the merits of a habeas appeal following the denial of certification to appeal unless the petitioner establishes that the denial of certification constituted an abuse of discretion by the habeas court. In *Simms* v. *Warden*, 230 Conn. 608, 615–16, 646 A.2d 126 (1994), we incorporated the factors adopted by the

---

[9] General Statutes § 52-470 (b) provides: "No appeal from the judgment rendered in a habeas corpus proceeding brought by or on behalf of a person who has been convicted of a crime in order to obtain such person's release may be taken unless the appellant, within ten days after the case is decided, petitions the judge before whom the case was tried or, if such judge is unavailable, a judge of the Superior Court designated by the Chief Court Administrator, to certify that a question is involved in the decision which ought to be reviewed by the court having jurisdiction and the judge so certifies."

United States Supreme Court in *Lozada* v. *Deeds*, 498 U.S. 430, 431–32, 111 S. Ct. 860, 112 L. Ed. 2d 956 (1991), as the appropriate standard for determining whether the habeas court abused its discretion in denying certification to appeal. This standard requires the petitioner to demonstrate "that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Emphasis in original; internal quotation marks omitted.) *Simms* v. *Warden*, supra, 230 Conn. 616. A petitioner who establishes an abuse of discretion through one of the factors listed above must then demonstrate that the judgment of the habeas court should be reversed on its merits. Id. In reaching our decision in the present case, however, we need not decide whether the habeas court abused its discretion in denying certification to appeal because, even if the present petition does not restate the same claim for relief previously rejected in the petitioner's first petition, we nevertheless must conclude, as an alternate ground for affirming the decision of the habeas court, that the petitioner failed to allege a sufficient claim for reinstatement of the withdrawn appeal and, therefore, cannot obtain the relief he requested in the present petition.[10]

We begin with the legal principles that will guide our analysis of the sufficiency of the allegations in the present petition. To obtain relief through a habeas peti-

[10] Although the respondent did not specifically raise this claim as an alternate ground for affirmance pursuant to Practice Book § 63-4 (a), the respondent did brief this claim, and the petitioner had the opportunity to respond, and did respond, in his reply brief. We therefore conclude that both parties had adequate opportunity to address this claim. Further, in light of the petitioner's admission at oral argument in this court that his petition does not state a valid habeas claim for reinstatement of the withdrawn appeal, which we discuss subsequently in this opinion, we conclude that resolving the case on this ground will not prejudice the petitioner. See *In re Matthew F.*, 297 Conn. 673, 685 n.11, 4 A.3d 248 (2010).

tion, the petitioner must plead facts that, if proven, establish that the petitioner is entitled to relief. "In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement." *Macri* v. *Hayes*, 189 Conn. 566, 568, 456 A.2d 1186 (1983). "[T]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, 274 Conn. 507, 519, 876 A.2d 1178 (2005).

To obtain reinstatement of an appeal through a habeas petition, a petitioner must allege and prove a constitutional impairment of the petitioner's statutory right to appeal. *James L.* v. *Commissioner of Correction*, 245 Conn. 132, 148, 712 A.2d 947 (1998), quoting *Gaines* v. *Manson*, 194 Conn. 510, 517–18, 481 A.2d 1084 (1984) ("[p]roof of unconstitutional impairment of the right to appeal empowers a court to fashion an order conditionally discharging the petitioner or otherwise fashioning the appropriate relief, short of immediate release, to which the petitioner may be entitled" [internal quotation marks omitted]); *Fredericks* v. *Reincke*, 152 Conn. 501, 508, 208 A.2d 756 (1965) (permitting late appeal upon establishment of federal constitutional impairment to petitioner's right to appeal); see also *State* v. *Phidd*, 42 Conn. App. 17, 27–29, 681 A.2d 310 (holding that habeas court has power to reinstate petitioner's appeal when parties stipulated that petitioner's appellate counsel failed to render effective assistance on appeal), cert. denied, 238 Conn. 907, 679 A.2d 2 (1996), cert. denied, 520 U.S. 1108, 117 S. Ct. 1115, 137 L. Ed. 2d 315 (1997); *Smith* v. *Robinson*, 8 Conn. App. 459, 466, 513 A.2d 187 (1986) (holding that petitioner's

appeal should be reinstated when habeas court determines that petitioner's decision to withdraw appeal was not knowing, voluntary, and intelligent waiver of right to appeal).

If a petitioner fails to allege and prove an unconstitutional impairment of the right to appeal, the habeas court does not have the authority to reinstate the petitioner's appeal. *State* v. *Brown*, 157 Conn. 398, 401–403, 254 A.2d 570 (1969) (holding that habeas court is without authority to grant late appeal when petitioner fails both to allege and establish constitutional impairment of federal constitutional right to appeal);[11] see also *Galland* v. *Bronson*, 16 Conn. App. 54, 57, 546 A.2d 935 (holding that habeas court does not have authority to reinstate withdrawn appeal when petitioner fails to present valid habeas petition for reinstatement of his appeal), cert. denied, 209 Conn. 820, 551 A.2d 755 (1988).

In the present case, the petitioner requested reinstatement of the withdrawn appeal, which he withdrew before the Appellate Court heard oral argument. In support of this request for relief, the petitioner simply repeated the allegations that were raised in the first petition, namely, that both his criminal trial counsel and his counsel on direct appeal had rendered ineffective assistance. These claims, however, are separate and unrelated to the relief he requested—reinstatement of the withdrawn appeal—because neither attorney repre-

---

[11] In *State* v. *Brown*, supra, 157 Conn. 399, the petitioner alleged that he was unconstitutionally denied his right to effective assistance of counsel on appeal because his attorney failed to prosecute the appeal. The habeas court, following a hearing, concluded that the petitioner had failed to establish a constitutional violation. Id., 399–400. Despite this conclusion, the habeas court nevertheless granted the petitioner's request to file a late appeal. Id. This court reversed the habeas court's decision, holding that the habeas court did not have the authority to grant a late appeal when the petitioner failed to plead and to establish a constitutional violation of his right to appeal. Id., 402–403.

sented the petitioner with regard to the withdrawn appeal. The petitioner has not alleged ineffective assistance by the particular attorney who had represented the petitioner when the appeal was withdrawn. Indeed, the petitioner fails to make any allegation that the withdrawal of the appeal resulted from any constitutional impairment. Instead, the petitioner simply claims that the withdrawn appeal should be reinstated so that he may exhaust his state court remedies and file a federal habeas petition regarding these claims.

It is clear, then, that the petitioner's failure to exhaust his state court remedies results not from any unconstitutional impairment of his right to appeal but from his own decision to withdraw the appeal from the denial of his first petition. His allegations in the present petition of ineffective assistance of his trial counsel and his counsel on direct appeal are entirely unrelated to the petitioner's decision to withdraw his appeal and, therefore, cannot establish a valid claim for reinstatement of the withdrawn appeal. In the absence of any allegation of a constitutional impairment of the petitioner's right to appeal from the denial of his first petition, the present petition fails to state a claim for habeas relief.[12] Indeed, at oral argument in this court, the peti-

---

[12] We conclude that the facts of the present case are similar to those in *Galland*, in which the Appellate Court vacated an order of a habeas court purporting to reinstate an appeal from the denial of his habeas petition after the petitioner previously had withdrawn his appeal and the Appellate Court had denied a motion to reinstate the appeal. *Galland* v. *Bronson*, supra, 16 Conn. App. 56–57. Following the Appellate Court's denial of the petitioner's motion to reinstate the appeal, the petitioner filed a petition with the habeas court requesting that his appeal be reinstated, claiming that he had withdrawn his appeal "accidentally." Id. The petitioner did not make any claim that he was unconstitutionally denied his right to appeal. Id. The habeas court recertified the petitioner's appeal to the Appellate Court, but the Appellate Court reversed that decision, holding that the habeas court did not have the authority to reinstate the appeal. Id. The Appellate Court did not question the power of a habeas court to fashion an appropriate remedy upon a valid petition for a writ of habeas corpus. Rather, it held that the trial court did not have a valid habeas petition to consider and, instead, characterized the petitioner's request to reinstate his appeal as a motion

tioner's counsel conceded that the petitioner could not obtain reinstatement of the withdrawn appeal on the basis of the allegations in the present petition.

When a petition fails to state a valid habeas claim, it is proper for the habeas court to dismiss the petition. See, e.g., *Macri* v. *Hayes*, supra, 189 Conn. 568 (upholding dismissal of petition that failed to set forth specific grounds for issuance of writ); see also *Oliphant* v. *Commissioner of Correction*, 274 Conn. 563, 569–71, 877 A.2d 761 (2005) (upholding dismissal of habeas petition because petitioner failed to allege that he was in custody on conviction from which he was seeking relief); *Lebron* v. *Commissioner of Correction*, supra, 274 Conn. 519–21 (same); *Lewis* v. *Commissioner of Correction*, 116 Conn. App. 400, 409–12, 975 A.2d 740 (upholding dismissal of claim in petition that did not state valid claim for habeas relief), cert. denied, 294 Conn. 908, 982 A.2d 1082 (2009); *Grant* v. *Commissioner of Correction*, 121 Conn. App. 295, 299–302, 995 A.2d 641 (same), cert. denied, 297 Conn. 920, 996 A.2d 1192 (2010). We are mindful that we should be solicitous to pro se petitioners and construe their pleadings liberally in light of the limited legal knowledge they possess. See, e.g., *Oliphant* v. *Commissioner of Correction*, supra, 570. We are also mindful, however, that "the right of self-representation provides no attendant license not to comply with the relevant rules of procedural and substantive law." (Internal quotation marks omitted.) Id. "The principle that a plaintiff may rely only upon what he has alleged is basic. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Internal quotation marks omitted.) *Lebron* v. *Commissioner of Correction*, supra, 519. "Further, any remedy must be commensurate with the scope of the constitutional violations

rather than a petition for a writ of habeas corpus. Id., 57. Because the habeas court had no authority to reinstate the appeal, the Appellate Court vacated the order of the habeas court. Id.

that have been established." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction,* 258 Conn. 804, 815, 786 A.2d 1091 (2002).[13]

The appeal is dismissed.

In this opinion the other justices concurred.

---

[13] Because we are resolving this appeal on the alternate ground that the petition fails to state a valid claim for habeas relief, it is unnecessary for us to address the merits of the petitioner's claims on appeal. We have concluded, and the petitioner's counsel has conceded, that the allegations of the present petition were insufficient to obtain the relief requested, i.e., reinstatement of the withdrawn appeal. Therefore, even if we were to agree with the petitioner that he should have received notice and an opportunity to be heard before the habeas court dismissed the petition, that conclusion still would not lead to the relief that the petitioner requested.