## MUHOZA ZUBERI *v.* COMMISSIONER
## OF CORRECTION
## (AC 33426)

Alvord, Espinosa and Sullivan, Js.

Argued September 11, 2012—officially released February 19, 2013

*Daniel J. Foster*, special public defender, for the appellant (petitioner).

*Marjorie Allen Dauster*, senior assistant state's attorney, with whom, on the brief, were *John C. Smriga*, state's attorney, and *Nicholas J. Bove, Jr.*, senior assistant state's attorney, for the appellee (respondent).

*Opinion*

ESPINOSA, J. The petitioner, Muhoza Zuberi, appeals from the judgment of the habeas court denying his amended petition for a writ of habeas corpus. On appeal, the petitioner claims that the habeas court committed plain error[1] by refusing to grant his amended petition when the court failed to apply a clearly applicable statute, General Statutes § 54-1j,[2] which he claims

---

[1] The petitioner seeks plain error review of the habeas court's judgment because, as he acknowledges, his current claim on appeal was not raised or argued before the habeas court.

[2] General Statutes § 54-1j provides in relevant part: "(a) The court shall not accept a plea of guilty or nolo contendere from any defendant in any criminal proceeding unless the court first addresses the defendant personally and determines that the defendant fully understands that if the defendant is not a citizen of the United States, conviction of the offense for which the defendant has been charged may have the consequences of deportation or removal from the United States, exclusion from readmission to the United States or denial of naturalization, pursuant to the laws of the United States. If the defendant has not discussed these possible consequences with the defendant's attorney, the court shall permit the defendant to do so prior to accepting the defendant's plea. . . .

"(c) If the court fails to address the defendant personally and determine that the defendant fully understands the possible consequences of the defendant's plea, as required in subsection (a) of this section, and the defendant not later than three years after the acceptance of the plea shows that the defendant's plea and conviction may have one of the enumerated conse-

required the habeas court to vacate his conviction due to the trial court's failure to advise him of the possible immigration consequences of his guilty plea before rendering a judgment of conviction. The petitioner claims that the habeas court's refusal to grant his amended petition constituted a manifest injustice. Alternatively, the petitioner asks this court to exercise its supervisory authority to remedy the trial court's failure to comply with § 54-1j (a). We disagree that plain error exists and decline to exercise our supervisory authority. Accordingly, we affirm the judgment of the habeas court.

The following facts as found by the habeas court are relevant to our resolution of this appeal. The petitioner was the defendant in a criminal case in which he was charged with possession of narcotics in violation of General Statutes § 21a-279 (a), possession of narcotics with intent to sell in violation of General Statutes § 21a-278 (b) and possession of narcotics with intent to sell within 1500 feet of a school, a public housing project or a licensed child day care center in violation of General Statutes § 21a-278a (b). The court found: "On April 30, 2007, pursuant to a plea agreement, the petitioner entered a guilty plea to the charge of possession of narcotics. The trial court . . . canvassed the petitioner and found his plea to be knowingly and voluntarily made with the assistance of competent counsel. The trial court did not advise the petitioner that the possible consequence of his plea, if he were not a citizen of the United States, might be deportation." In exchange for his guilty plea, the petitioner received a sentence of three years imprisonment, execution suspended, and three years probation.[3]

quences, the court, on the defendant's motion, shall vacate the judgment, and permit the defendant to withdraw the plea of guilty or nolo contendere, and enter a plea of not guilty."

[3] The record reflects that, as of September 14, 2010, the petitioner had been in the custody of the United States Department of Homeland Security since June, 2008, pending a deportation hearing as a consequence of his April 30, 2007 sentence. The record is barren as to the petitioner's present status.

On July 9, 2009, the petitioner filed a pro se petition for a writ of habeas corpus. The petitioner later obtained counsel and, on June 11, 2010, through counsel, filed the amended petition underlying this appeal. The only claim raised in the amended petition was that the petitioner had been denied the effective representation of trial counsel. Specifically, the petitioner claimed that his right to the effective assistance of trial counsel was denied because (1) "[t]rial counsel failed to ensure that the petitioner's plea of guilty was made knowingly, intelligently and voluntarily, in that . . . the trial counsel failed to advise the petitioner that the petitioner's immigration status could be implicated by his plea of guilty, and . . . the trial counsel failed to advise the petitioner that his plea of guilty made him subject to deportation from [the United States]," and (2) "[t]rial counsel failed to advise the petitioner concerning the (i) consequences of his plea of guilty, and (ii) the petitioner's right to withdraw his plea under certain circumstances as set forth in . . . § 54-1j via [the] petitioner's motion to vacate his plea."[4]

On April 15, 2011, in a memorandum of decision, the court denied the petitioner's amended petition, finding that the petitioner's trial counsel "more likely than not advised the petitioner about the immigration consequences of his guilty plea." Further, the court stated that "even if this court were to presume deficiency in [trial counsel's] representation, the petitioner's claim

[4] With respect to the petitioner's claim that his trial counsel failed to advise him concerning his "right to withdraw his plea under certain circumstances as set forth in . . . § 54-1j via [the] petitioner's motion to vacate his plea," the habeas court found that "[t]he petitioner did not present any evidence on this claim and did not directly address it in his posttrial brief. Accordingly, [the habeas court found] that the petitioner . . . abandoned this claim."

In addition, based upon this court's review of the record, there does not appear to be any evidence that the petitioner ever filed a motion to vacate his plea with the trial court.

would still fail, as he has not made the required showing of prejudice. . . . [I]t is far from clear that, but for [trial counsel's] alleged failure to inform [the petitioner] of the immigration consequences of his guilty plea, he would have rejected the plea bargain and insisted on going to trial. Additionally, had the petitioner gone to trial, it is not likely that he would have fared any better." The petitioner filed the present appeal on May 5, 2011.

I

First, we address the petitioner's claim that plain error exists. "[The plain error] doctrine, codified at Practice Book § 60-5, is an extraordinary remedy used by appellate courts to rectify errors committed at trial that, although unpreserved, are of such monumental proportion that they threaten to erode our system of justice and work a serious and manifest injustice on the aggrieved party. [T]he plain error doctrine . . . is not . . . a rule of reviewability. It is a rule of reversibility. That is, it is a doctrine that this court invokes in order to rectify a trial court ruling that, although either not properly preserved or never raised at all in the trial court, nonetheless requires reversal of the trial court's judgment, for reasons of policy. . . . In addition, the plain error doctrine is reserved for truly extraordinary situations [in which] the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings. . . . Plain error is a doctrine that should be invoked sparingly. . . . Implicit in this very demanding standard is the notion . . . that invocation of the plain error doctrine is reserved for occasions requiring the reversal of the judgment under review. . . . [Thus, an appellant] cannot prevail under [the plain error doctrine] . . . unless he demonstrates that the claimed error is both so clear and so harmful that a failure to reverse the judgment would result in manifest injustice. . . .

"[W]e recently clarified the two step framework under which we review claims of plain error. First, we must determine whether the trial court in fact committed an error and, if it did, whether that error was indeed plain in the sense that it is patent [or] readily discernable on the face of a factually adequate record, [and] also . . . obvious in the sense of not debatable. . . . [T]his inquiry entails a relatively high standard, under which it is not enough for the defendant simply to demonstrate that his position is correct. Rather, the party seeking plain error review must demonstrate that the claimed impropriety was so clear, obvious and indisputable as to warrant the extraordinary remedy of reversal. . . .

"In addition, although a clear and obvious mistake on the part of the trial court is a prerequisite for reversal under the plain error doctrine, such a finding is not, without more, sufficient to warrant the application of the doctrine. Because [a] party cannot prevail under plain error unless it has demonstrated that the failure to grant relief will result in manifest injustice . . . under the second prong of the analysis we must determine whether the consequences of the error are so grievous as to be fundamentally unfair or manifestly unjust. . . . Only if both prongs of the analysis are satisfied can the appealing party obtain relief." (Citation omitted; internal quotation marks omitted.) *State* v. *Davenport*, 127 Conn. App. 760, 764–65, 15 A.3d 1154, cert. denied, 301 Conn. 917, 21 A.3d 464 (2011).

"To obtain relief through a habeas petition, the petitioner must plead facts that, if proven, establish that the petitioner is entitled to relief. In a writ of habeas corpus alleging illegal confinement the application must set forth specific grounds for the issuance of the writ including the basis for the claim of illegal confinement. . . . [T]he petition for a writ of habeas corpus is essentially a pleading and, as such, it should conform generally to a complaint in a civil action. . . . It is

fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint." (Citation omitted; internal quotation marks omitted.) *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 136–37, 7 A.3d 911 (2010). "[A] habeas court does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . In addition, while courts should not construe pleadings narrowly and technically, courts also cannot contort pleadings in such a way so as to strain the bounds of rational comprehension." (Internal quotation marks omitted.) *Richardson* v. *Commissioner of Correction*, 298 Conn. 690, 702, 6 A.3d 52 (2010).

On appeal, the petitioner does not challenge the court's findings and conclusions regarding the alleged ineffective assistance of his trial counsel,[5] the only error claimed in his amended habeas petition. Instead, the petitioner contends that he was entitled to the relief sought in his amended habeas petition because it was mandated by § 54-1j (c), even though he did not make any such argument in his amended petition.[6] The petitioner claims that he satisfied the requirements of § 54-1j (c), thereby entitling him to have his conviction vacated, by (1) filing his habeas petition seeking to vacate his plea and (2) providing evidence, during the hearing on the petition, that his guilty plea may have had one of the consequences enumerated in § 54-1j (a). Effectively, the petitioner argues that it was plain error for the habeas court not to vacate his conviction, through a sua sponte application of § 54-1j (c), after the petitioner brought to the court's attention, in the context of his ineffective assistance of counsel claim,

[5] The petitioner does appear to challenge the habeas court's suggestion that his prior conviction for an earlier domestic assault matter may have, by itself, exposed him to deportation. To the extent that the court's suggestion constituted a factual finding, it is not relevant to the resolution of this appeal.

[6] Although the petitioner made reference to § 54-1j in his argument, it was in the context of his ineffective assistance of counsel claim.

the trial court's failure to advise him of the immigration consequences of his guilty plea. We disagree.

Based on our thorough review of the record, we conclude that the petitioner has failed to demonstrate plain error by the habeas court. The court was not required, nor permitted, to look beyond the issues raised in the petitioner's amended habeas petition. See id. The petitioner acknowledges that the alleged ineffective assistance of his trial counsel was the sole argument presented as the basis for the relief sought in the amended habeas petition. In its memorandum of decision, the court appropriately confined its discussion and analysis to the petitioner's claims regarding ineffective assistance of counsel.

The court did not, as the petitioner argues, fail to follow a clearly applicable mandatory statute because § 54-1j imposes mandatory requirements on the *trial* court, not the habeas court.[7] Because the statute relied

[7] On appeal, the petitioner claims that he was "indisputably entitled under § 54-1j to the relief he sought in his habeas petition." The petitioner's claim is predicated on the faulty presumption that his actions in the habeas court, rather than in the trial court, were sufficient to entitle him to relief under § 54-1j (c). Because the statute refers to the trial court, the petitioner would only be entitled to relief by making the requisite showing of trial court error and the motion to vacate specified in § 54-1j (c) to the trial court. In resolving this appeal, we do not decide whether the petitioner properly satisfied this statutory requirement before the trial court. We conclude only that his amended habeas petition and presentation of evidence to the habeas court could not serve as a substitute for the required showing and motion to the trial court.

We note that, during oral argument before this court, the petitioner specifically recognized that the trial court is the court specified in the provisions of § 54-1j. The petitioner nonetheless argues that the statute does not limit the habeas court from granting the same relief specified in § 54-1j (c). The petitioner's argument is unavailing because the issue is not whether the habeas court had the authority to grant such relief under the statute, but, rather, whether it was *required* to do so sua sponte based on the petitioner's passing reference to the statute in the context of his argument about ineffective assistance of counsel.

Moreover, the cases relied on by the petitioner for the proposition that "[i]t is plain error for a trial court to fail to apply an applicable statute, even in the absence of the statute having been brought to its attention by the

on by the petitioner applies to the trial court, there was no error by the habeas court in failing to grant relief under the statute. Because we conclude that there was no plain error by the court, we need not reach the second prong of the plain error analysis to determine whether the consequences of such error are manifestly unjust.

## II

Alternatively, the petitioner invites this court to vacate his conviction in the exercise of its inherent supervisory authority over the administration of justice. See, e.g., *State* v. *Jimenez-Jaramill*, 134 Conn. App. 346, 380–81, 38 A.3d 239, cert. denied, 305 Conn. 913, 45 A.3d 100 (2012). The petitioner seeks such a remedy on the basis of a claim that was not set forth in his amended petition, and which was not properly before the habeas court. Before the trial court, the petitioner had the proper opportunity to seek relief under § 54-1j (c). The petitioner has the right to plead grounds upon which he seeks habeas relief and to obtain a judicial determination related to those grounds. Thus, there is no showing that the traditional protections available to the petitioner are inadequate. Moreover, insofar as the habeas court lacked the discretion to go beyond the grounds raised in the amended petition, there is no showing that the court acted in a manner that may be perceived as unfair or that its conduct was unduly offensive to the maintenance of a sound judicial process. For these reasons, the petitioner has not demonstrated that this is one of the rare instances in which this court should exercise its supervisory authority.

The judgment is affirmed.

In this opinion the other judges concurred.

---

parties"; (internal quotation marks omitted); are inapposite to the present case because the petitioner appeals from the judgment of the habeas court, not the trial court. Because the statute relied on by the petitioner applies to the trial court, there was no error by the habeas court in failing to grant relief under the statute.