# DAVID A. ABRAMS[1] *v.* COMMISSIONER OF CORRECTION

## (AC 29965)

Flynn, C. J., and Bishop and Beach, Js.

Argued November 12, 2009—officially released February 16, 2010

---

[1] The petitioner also is known as David A. Abrahams. His conviction in the case underlying his habeas petition was affirmed by this court in *State v. Abrahams*, 79 Conn. App. 767, 831 A.2d 299 (2003). Because his habeas petition was brought in the name of David A. Abrams and was tried under that name, we use the name David A. Abrams in this appeal. There is no dispute that David A. Abrahams and David A. Abrams are the same individual.

*Matthew J. Collins*, special public defender, for the appellant (petitioner).

*Michele C. Lukban*, senior assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky III*, state's attorney, and *Erik T. Lohr*, former assistant state's attorney, for the appellee (respondent).

*Opinion*

FLYNN, C. J. The petitioner, David A. Abrams, appeals from the judgment of the habeas court following its denial of his petition for certification to appeal from the judgment denying his petition for a writ of habeas corpus. In substance, the petitioner does not attack the court's decision denying the habeas petition on the merits of that petition but, rather, attacks the actions of the court on the day of the habeas trial; he requests a new habeas trial.[2] On appeal, the petitioner specifically claims that the court acted improperly (1) by failing to conduct a sufficient inquiry into his allegation that there existed a conflict of interest between

---

[2] "We may review on appeal [a petitioner's] claim . . . of impropriety by the habeas court during its hearing on the petition for a writ of habeas corpus. See *Mitchell* v. *Commissioner of Correction*, 93 Conn. App. 719, 891 A.2d 25, cert. denied, 278 Conn. 902, 896 A.2d 104 (2006); *Morgan* v. *Commissioner of Correction*, 87 Conn. App. 126, 866 A.2d 649 (2005); *Ostolaza* v. *Warden*, 26 Conn. App. 758, 603 A.2d 768, cert. denied, 222 Conn. 906, 608 A.2d 692 (1992)." *Wilson* v. *Commissioner of Correction*, 104 Conn. App. 224, 227 n.2, 932 A.2d 481 (2007).

him and his counsel in his second habeas trial and by summarily denying his request for a continuance and (2) by refusing to permit the petitioner to amend his habeas petition. We dismiss the appeal.

On April 26, 2007, the petitioner filed an amended petition for a writ of habeas corpus, claiming ineffective assistance of counsel in his first habeas trial. On December 31, 2007, counsel for the petitioner filed a motion to amend the petition. Prior to taking evidence at the second habeas trial, on January 2, 2008, the court, *Swords, J.*, heard argument on the motion to amend. The petitioner argued that he wanted to amend his petition to include claims of ineffective assistance of trial counsel. The respondent, the commissioner of correction, opposed the amendment on the ground that the petitioner had alleged ineffective assistance of trial counsel in his first habeas proceeding and that, therefore, this amendment would amount to a successive petition. After listening to argument and reviewing the memorandum of decision from the first habeas proceeding, Judge Swords found that the petitioner had alleged ineffective assistance of trial counsel in count two of his habeas petition in his first habeas proceeding. Concluding that the requested amendment would amount to a successive petition and would be an abuse of the writ, the court denied the motion to amend.

The petitioner then personally requested a continuance, stating that he had not had an opportunity to meet with his attorney because the public defender's office had not been paying his special public defender and that there were other things he wanted to add to an amended petition. He also stated that the lack of payment by the public defender's office created a conflict of interest for his counsel. The petitioner's attorney stated that he could not discern a good faith reason not to move forward with the hearing that day, and he explained that he had spoken with his client on

December 28, 2007, and that he had included every issue that the petitioner wanted in his amended petition. The habeas court denied the petitioner's request for a continuance. After proceeding to a hearing on the merits of the petition, the court denied the petition for a writ of habeas corpus. The court thereafter denied the petition for certification to appeal. This appeal followed.

Initially, we set forth the appropriate standard of review. "Faced with the habeas court's denial of certification to appeal, a petitioner's first burden is to demonstrate that the habeas court's ruling constituted an abuse of discretion." *Simms* v. *Warden*, 230 Conn. 608, 612, 646 A.2d 126 (1994). To prove an abuse of discretion, the petitioner must demonstrate "that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." (Internal quotation marks omitted.) Id., 616. "If the petitioner succeeds in surmounting that hurdle, the petitioner must then demonstrate that the judgment of the habeas court should be reversed on its merits." Id., 612.

I

The petitioner's first claim on appeal is that the habeas court acted improperly by failing to conduct a sufficient inquiry into his allegation that there existed a conflict of interest between him and his second habeas counsel and improperly refused the petitioner's request for a continuance. The respondent argues that "the habeas court did in fact question the petitioner about his allegation of a conflict of interest and concluded that differences in trial strategy did not amount to a conflict of interest," and that the court thereafter properly denied the petitioner's request for a continuance.[3] We agree with the respondent.

---

[3] We address these related claims together as the petitioner and the respondent did in their briefs to this court.

We have noted "that [t]he sixth amendment to the United States constitution as applied to the states through the fourteenth amendment, and article first, § 8, of the Connecticut constitution, guarantee to a criminal defendant the right to [the] effective assistance of counsel. . . . Where a constitutional right to counsel exists . . . there is a correlative right to representation that is free from conflicts of interest. . . . To safeguard a criminal defendant's right to the effective assistance of counsel, a trial court has an affirmative obligation to explore the possibility of conflict when such conflict is brought to the attention of the trial [court] in a timely manner. . . . In discharging this duty, the trial court must be able, and be freely permitted, to rely upon [defense] counsel's representation that the possibility of such a conflict does or does not exist. . . . The reliance in such an instance is upon the solemn representation of a fact made by [the] attorney as an officer of the court. . . . The course thereafter followed by the court in its inquiry depends upon the circumstances of the particular case. . . .

"[A] petitioner in a habeas proceeding has both the right to effective assistance of habeas counsel and the right to be represented by habeas counsel who is free from conflicts of interest. . . . [I]n order to safeguard a habeas petitioner's right to the effective assistance of habeas counsel, a habeas court, like a criminal trial court, has an affirmative obligation to explore the possibility that habeas counsel has a conflict of interest when that possibility is brought to the attention of the habeas court in a timely manner. In discharging that duty, the habeas court must be able, and be freely permitted, to rely on habeas counsel's representation that the possibility of such a conflict does or does not exist. The court may rely on the solemn representation of a fact made by habeas counsel as an officer of the court. The course thereafter followed by the court in its inquiry

depends on the circumstances of the particular case." (Citation omitted; internal quotation marks omitted.) *Morgan* v. *Commissioner of Correction*, 87 Conn. App. 126, 132–33, 866 A.2d 649 (2005).

In the present case, we first observe that although the petitioner characterizes the attorney-client relationship as one in which a "conflict of interest" existed, his allegations do not fit into the classic legal concept of conflict of interest wherein the attorney has an interest at odds with the client's best interest.[4] We do not agree that the petitioner's allegation constitutes a conflict of interest but, rather, an alleged disagreement with counsel over what best legal strategy should be employed.

The court thoroughly addressed the petitioner's assertion that there existed a conflict of interest between him and his counsel because of a problem with payments to counsel by the public defender's office and because he wanted to add other things to his petition. Counsel then informed the court that he had added to the petition all of the issues that the petitioner wanted included and that he saw no reason not to move forward with the proceedings. Specifically, counsel explained to the court: "[The petitioner] provided me with these issues . . . the issues he actually wanted me to put down. He drafted the petition, and I basically put down every issue that he wanted and a couple of more that I found when I spoke to [him] on [December 28]. I [can]

---

[4] Besides the example provided, that is, where an attorney's own interest conflicts with his client's best interest; see *Phillips* v. *Warden*, 220 Conn. 112, 137–40, 595 A.2d 1356 (1991); a nonexhaustive list of recognized conflicts of interest include the following: representation of codefendants by a single attorney; see *State* v. *Williams*, 203 Conn. 159, 167, 523 A.2d 1284 (1987); where interests of an attorney's client conflict with interests of a former client of the attorney; see *State* v. *Bunkley*, 202 Conn. 629, 652, 522 A.2d 795 (1987); and where an attorney may be a necessary witness. See *State* v. *Crespo*, 246 Conn. 665, 684, 684 n.14, 718 A.2d 925 (1998), cert. denied, 525 U.S. 1125, 119 S. Ct. 911, 142 L. Ed. 2d 909 (1999); see also generally Rules of Professional Conduct 1.7 through 1.11.

see no good faith reason why he is not prepared. . . . I am at a loss." The petitioner also acknowledged that counsel had added "the majority" of the issues to the amended petition that he had requested. The court took the time to hear out the petitioner and then explained to him that his complaints were more about trial strategy than about a conflict of interest. It then denied the petitioner's request for a continuance and continued with the evidentiary portion of the habeas proceeding.

The record reveals that the court conducted a thorough inquiry of the petitioner. Furthermore, counsel specifically stated that he saw no good faith reason to delay the proceedings. The court is permitted to rely freely on counsel's representation that there existed no reason to delay the proceedings. See id., 133 ("[t]he court may rely on the solemn representation of a fact made by habeas counsel as an officer of the court").

## II

The petitioner next claims that the court improperly refused to permit him to amend his habeas petition. The respondent argues that "after reviewing the proposed amendment and the claims the petitioner had raised in his first habeas proceeding, the habeas court ruled that the amendment would constitute a successive petition in abuse of the writ" and that the court's ruling was proper. On the basis of the record before us, we reject the petitioner's claim.

"Our Supreme Court has stated that [i]n our case law, we have recognized only one situation in which a court is not legally required to hear a habeas petition. In *Negron* v. *Warden*, [180 Conn. 153, 158, 429 A.2d 841 (1980)], we observed that, pursuant to Practice Book § 531 [now § 23-29], [i]f a previous application brought on the same grounds was denied, the pending application may be dismissed without hearing, unless it states

new facts or proffers new evidence not reasonably available at the previous hearing. We emphasized the narrowness of our construction of Practice Book § 531 [now § 23-29] by holding that dismissal of a second habeas petition without an evidentiary hearing is improper if the petitioner either raises new claims or offers new facts or evidence. . . . *Negron* therefore strengthens the presumption that, absent an explicit exception, an evidentiary hearing is always required before a habeas petition may be dismissed. . . .

"We recently explained that Practice Book § 23-29 provides in relevant part: The judicial authority may, at any time, upon its motion or upon motion of the respondent, dismiss the petition, or any count thereof, if it determines that . . . (3) the petition presents the same ground as a prior petition previously denied and fails to state new facts or proffer new evidence not reasonably available at the time of the prior petition. . . . In this context, a ground has been defined as sufficient legal basis for granting the relief sought. . . .

"[A] petitioner may bring successive petitions on the same legal grounds if the petitions seek different relief. . . . But where successive petitions are premised on the same legal grounds and seek the same relief, the second petition will not survive a motion to dismiss unless the petition is supported by allegations and facts not reasonably available to the petitioner at the time of the original petition." (Internal quotation marks omitted.) *Carter* v. *Commissioner of Correction*, 109 Conn. App. 300, 305–306, 950 A.2d 619 (2008).

The petitioner claims that the court summarily denied his request to amend his petition. Our review of the record reveals otherwise. The record demonstrates that the court carefully considered the requested amendment along with reviewing the memorandum of decision from the petitioner's previous habeas proceeding.

The court then concluded that the sought after amendments related to the same issue, namely, ineffectiveness of trial counsel, that had been raised in the previous habeas petition. Therefore, the court found that the amendment would amount to a successive petition in abuse of the writ. The petitioner, at one point during discussions with the court, personally acknowledged: "I know it's an abuse of the writ." Nevertheless, he argued that the basis for his needing the amendment was to preserve his federal court remedies. The petitioner does not dispute that the issue of ineffectiveness of trial counsel was the basis of one of the counts in his earlier habeas proceeding, nor does he allege that there is new evidence or that this claim is different from his prior claim. Additionally, on appeal he does not challenge the court's finding that the proposed amendment would amount to a successive petition. On the basis of the foregoing, we simply cannot conclude that the court improperly denied the petitioner's request to amend his petition.

We conclude that the petitioner has not demonstrated that the issues raised are debatable among jurists of reason, that a court could resolve the issues in a different manner or that the questions raised deserve encouragement to proceed further. See *Simms* v. *Warden*, supra, 230 Conn. 616. The court, therefore, did not abuse its discretion in denying the petition for certification to appeal.

The appeal is dismissed.

In this opinion the other judges concurred.