******************************************************

The ''officially released'' date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the ''officially released'' date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# DAVID A. ABRAMS *v.* COMMISSIONER OF CORRECTION
## (AC 40719)

Keller, Bright and Devlin, Js.

*Syllabus*

The petitioner, who had been convicted of the crimes of attempt to commit murder, assault in the first degree, and criminal possession of a firearm in connection with a shooting incident, filed a fourth petition for a writ of habeas corpus, claiming that he had received ineffective assistance of counsel from D, who had represented him with respect to his appeal of the habeas court's denial of his first habeas petition. Specifically, the petitioner alleged that D was ineffective for withdrawing the appeal at the petitioner's direction and that he would not have withdrawn the appeal but for D's poor advice regarding his ability to proceed with the appeal as a self-represented party, and that his subsequent habeas counsel, A and M, rendered ineffective assistance by failing to raise a claim regarding D's ineffectiveness. The habeas court rendered judgment denying the habeas petition, from which the petitioner, on the granting of certification, appealed to this court. *Held* that the habeas court properly determined that D did not render ineffective assistance; that court properly determined that D acted reasonably in withdrawing the appeal, as it would have been unreasonable for D to ignore the petitioner's directive to withdraw the appeal under the circumstances and, thus, D's conduct in withdrawing the appeal did not fall below an objective standard of reasonableness, and the petitioner's claim that D was deficient in failing to advise the petitioner that he had a right to proceed as a self-represented party was unavailing, as the petitioner's expression of dissatisfaction with D's choice of claims to raise on appeal did not confer on D a duty to explain to the petitioner his right to proceed as a self-represented party, the petitioner did not indicate to D that he was interested in proceeding as self-represented, and, thus, there was no reason for D to discuss the attendant rights with him.

Argued May 29—officially released September 17, 2019

*Procedural History*

Amended petition for a writ of habeas corpus, brought to the Superior Court in the judicial district of Tolland and tried to the court, *Oliver, J.*; judgment denying the petition, from which the petitioner, on the granting of certification, appealed to this court. *Affirmed.*

*Judie Marshall*, with whom, on the brief, was *Walter C. Bansley IV*, for the appellant (petitioner).

*Sarah Hanna*, assistant state's attorney, with whom, on the brief, were *Stephen J. Sedensky*, state's attorney, and *Jo Anne Sulik*, supervisory assistant state's attorney, for the appellee (respondent).

*Opinion*

DEVLIN, J. The petitioner, David A. Abrams,[1] appeals, following the granting of his certification to appeal, from the judgment of the habeas court denying his fourth petition for a writ of habeas corpus. He claims that counsel who represented him in the appeal taken from the denial of his first petition for a writ of habeas corpus, John C. Drapp, rendered ineffective assistance by withdrawing the appeal pursuant to Practice Book § 63-9.[2] On appeal, the petitioner asserts that the habeas court erred in concluding that Drapp did not render ineffective assistance by withdrawing the appeal at the petitioner's direction because his decision to withdraw the appeal was based on Drapp's poor advice.[3] We disagree and, accordingly, affirm the judgment of the habeas court.

The following procedural history and facts, as found by the habeas court, are relevant to this appeal. The petitioner was convicted, following a jury trial, of attempt to commit murder in violation of General Statutes §§ 53a-49 and 53a-54a (a), assault in the first degree in violation of General Statutes § 53a-59 (a) (1), and criminal possession of a firearm in violation of General Statutes § 53a-217. The petitioner's sentence was enhanced pursuant to General Statutes § 53-202k based on the finding that he committed a class B felony with a firearm. On December 7, 2011, the petitioner was sentenced to a total effective sentence of fifty-one years of incarceration, followed by nine years of special parole.[4] The petitioner subsequently appealed to this court, which affirmed the judgment of the trial court and determined that the jury reasonably could have found the following facts:

"The [petitioner] and the victim, Jacqueline Peton, were involved in a sometimes volatile, live-in relationship from December, 1994, until August, 2000, during which time they had a child. Prior to the relationship ending, the victim called the Danbury police in August, 2000, claiming that the [petitioner] had violated the restraining order that she had obtained against him living with her. At that time, to give the victim 'a taste of her own medicine,' the [petitioner] called her employer and reported that she was stealing cleaning products at work and selling them.

"On November 1, 2000, the [petitioner] went to the victim's apartment to see his son. When the victim did not allow him into her apartment, the [petitioner] threatened to kill her and stated that he was going to report her to the department of children and families for child abuse. During the early evening hours of November 3, 2000, the [petitioner] and the victim had an argument during a telephone conversation. After the victim hung up, the [petitioner] repeatedly called her telephone number. Despite the [petitioner]'s objections, she went

out that night with Ricky Cordiero. At approximately 5 a.m. on November 4, 2000, the victim returned to her apartment complex and observed the [petitioner] sitting in his vehicle, a black Chrysler sedan with custom wheel rims. As the victim walked toward her building, the [petitioner] ran to her with a gun in his hand and grabbed her. When she escaped, the [petitioner] circled her and fired a series of shots at her, wounding her in the leg, elbow and buttocks. After the [petitioner]'s gun jammed, as he left the scene, he told the victim, 'I'm going to get you. I'm going to have somebody f*cking kill you.' " *State* v. *Abrahams*, 79 Conn. App. 767, 769–70, 831 A.2d 299 (2003).

The petitioner filed his first amended petition for a writ of habeas corpus on September 17, 2003, in which he asserted twenty-three claims of ineffective assistance of trial counsel, Joseph Romanello. The petition was denied by the habeas court in a memorandum of decision issued February 28, 2005.

The petitioner filed an appeal from the denial of his first habeas petition on August 3, 2005, wherein he was represented by Drapp. Drapp submitted a brief to the Appellate Court on February 22, 2006, in which he raised the following issue: "Did the habeas trial court err in finding that the petitioner received effective assistance of counsel at the sentencing hearing on the underlying criminal charges?" More specifically, the petitioner claimed that the habeas court erred in not finding that his trial counsel was ineffective for failing to take any action to stop the petitioner's verbal assault of the victim, the judge, the prosecutor and his own trial counsel during allocution at sentencing. Drapp also filed a reply brief for the case on August 9, 2006, and the case was "marked ready" on the same date. On September 26, 2006, Drapp withdrew the appeal pursuant to Practice Book § 63-9, indicating on the required form that he was withdrawing "as a result of some activity before the case was assigned to the settlement program." (Emphasis omitted.)

Prior to the withdrawal of the appeal from the denial of his first habeas petition, the petitioner had filed a second petition for a writ of habeas corpus, in which he was represented by Attorney Salvatore Adamo. This second habeas petition was denied in a memorandum of decision dated April 7, 2008; *Abrams* v. *Warden, State Prison*, Superior Court, judicial district of Tolland, Docket No. CV-04-4000112-S (April 7, 2008); and the appeal was dismissed by this court on February 16, 2010. *Abrams* v. *Commissioner of Correction*, 119 Conn. App. 414, 987 A.2d 370, cert. denied, 295 Conn. 920, 991 A.2d 564 (2010). The petitioner's third habeas petition, in which he was represented by Attorney Justine Miller, was also denied by the habeas court; *Abrams* v. *Commissioner of Correction*, Superior Court, judicial district of Tolland, Docket No. CV-10-4003316-S

(November 13, 2012); and the appeal was subsequently dismissed by this court on April 8, 2014. *Abrams* v. *Commissioner of Correction*, 149 Conn. App. 903, 87 A.3d 631, cert. denied, 312 Conn. 905, 93 A.2d 157 (2014). Neither the petitioner's second nor third habeas petitions alleged that Drapp was ineffective for withdrawing the first habeas appeal.

In his amended petition in the present case, the petitioner alleged that Drapp rendered ineffective assistance by withdrawing the appeal taken from the denial of his first habeas petition and that subsequent habeas counsel, Adamo and Miller, also rendered ineffective assistance of counsel by failing to raise a claim regarding Drapp's ineffectiveness, as a result of his withdrawal of the appeal in the first habeas petition, in the second and third habeas petitions, respectively. At the trial on the underlying habeas petition, Drapp testified that he represented the petitioner in the appeal from the denial of his first habeas petition. Based on his review of the pleadings, the evidence presented at the first habeas trial, the habeas court's decision, and appropriate legal research, he determined that he would raise one issue on appeal, namely, that the habeas court had erred in concluding that the petitioner's trial counsel did not render ineffective assistance at the petitioner's sentencing.

Prior to oral argument, Drapp received a letter from the petitioner stating that he wished to withdraw the appeal. Drapp, however, could not recall some eleven years later what the petitioner's stated reason was in the letter for his request to withdraw the appeal. After receiving the letter, Drapp spoke with the petitioner about the request. Although he could not remember the details of the conversation, Drapp testified that he was certain that they would have discussed his reasons for requesting the withdrawal and also believed that he would have advised the petitioner that it was against his interests to withdraw the appeal.

The petitioner then testified as to his recollection of the events at issue. He agreed that Drapp visited him at the correctional institution where he was housed to discuss the letter before withdrawing the appeal. During the meeting, the petitioner expressed his concern that Drapp had elected to raise only one issue on appeal when twenty-three issues had been litigated at the habeas trial. In response to the petitioner's concerns, Drapp stated that the only issue that was preserved for appeal was the one that he had raised in his brief. The petitioner then informed Drapp that the brief he had prepared was "garbage" and that the issue he had chosen to pursue was not a winnable one. Drapp replied that the only option, rather than go forward on the one issue as briefed, would be to withdraw the appeal and proceed with his second habeas corpus petition against Attorney Bruce McIntyre, the petitioner's first habeas

attorney. The petitioner, believing that he could not win on the appeal as it was briefed and wanting to avoid any further delay in litigation, directed Drapp to withdraw the appeal in subsequent correspondence.

The petitioner testified that, during their conversation about withdrawing the appeal, Drapp never informed him that he could proceed as a self-represented party and, therefore, he believed his only option was to proceed with the appeal as briefed or to withdraw. He further asserted that, had Drapp explained that he had the right to proceed as self-represented, he would have done so because he had represented himself in the past. Finally, the petitioner testified that he discussed with both Adamo and Miller raising a claim of ineffective assistance by Drapp based on his withdrawal of the appeal, but neither counsel raised this claim in their respective habeas petitions.

The court denied the petition in a memorandum of decision issued on July 12, 2017, finding that the petitioner had failed to establish that Drapp's performance was constitutionally deficient and had further failed to establish that he was prejudiced by Drapp's withdrawal of the appeal by demonstrating that, but for the withdrawal, the petitioner would have prevailed on his claim on appeal. The court granted the petitioner's petition for certification to appeal on July 21, 2017, and this appeal followed.

"Before turning to the petitioner's claims, we set forth basic principles governing the present appeal. The use of a habeas petition to raise an ineffective assistance of habeas counsel claim, commonly referred to as a habeas on a habeas, was approved by our Supreme Court in *Lozada* v. *Warden*, 223 Conn. 834, 613 A.2d 818 (1992). In *Lozada*, the court determined that the statutory right to habeas counsel for indigent petitioners provided in General Statutes § 51-296 (a) includes an implied requirement that such counsel be effective, and it held that the appropriate vehicle to challenge the effectiveness of habeas counsel is through a habeas petition. . . . In *Lozada*, the court explained that [t]o succeed in his bid for a writ of habeas corpus, the petitioner must prove both (1) that his appointed habeas counsel was ineffective, and (2) that his trial counsel was ineffective." (Internal quotation marks omitted.) *Adkins* v. *Commissioner of Correction*, 185 Conn. App. 139, 150–51, 196 A.3d 1149, cert. denied, 330 Conn. 946, 196 A.3d 326 (2018).

"To succeed on an ineffective assistance of appellate counsel claim, the petitioner must satisfy both the performance prong and the prejudice prong of *Strickland* v. *Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712–13, 728, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L .Ed. 2d 336 (2008). In *Strickland* . . . the United

States Supreme Court enunciated the two requirements that must be met before a petitioner is entitled to reversal of a conviction due to ineffective assistance of counsel. First, the [petitioner] must show that counsel's performance was deficient. . . . Second, the [petitioner] must show that the deficient performance prejudiced the defense. . . . Unless a [petitioner] makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversarial process that renders the result unreliable." (Internal quotation marks omitted.) *Tutson* v. *Commissioner of Correction*, 168 Conn. App. 108, 122, 144 A.3d 519, cert. denied, 323 Conn. 933, 150 A.3d 233 (2016).

"The standard of appellate review of habeas corpus proceedings is well settled. The underlying historical facts found by the habeas court may not be disturbed unless the findings were clearly erroneous. . . . Historical facts constitute a recital of external events and the credibility of their narrators. So-called mixed questions of fact and law, which require the application of a legal standard to the historical-fact determinations, are not facts in this sense. . . . Whether the representation a defendant received at trial was constitutionally inadequate is a mixed question of law and fact. . . . As such, that question requires plenary review by this court unfettered by the clearly erroneous standard." (Internal quotation marks omitted.) *Johnson* v. *Commissioner of Correction*, 285 Conn. 556, 576, 941 A.2d 248 (2008).

As an initial matter, it is undisputed that Drapp withdrew the appeal at the direction of the petitioner. The parties, however, disagree on the proper framework for evaluating Drapp's performance. The parties do not cite, nor are we aware of, any case directly addressing an ineffective assistance of counsel claim wherein an attorney withdrew an appeal at the petitioner's direction after it had been filed and briefed.[5] The respondent argues that the court's inquiry into Drapp's performance should end with the finding that the petitioner instructed him to withdraw the appeal. The petitioner argues that the circumstances leading up to the withdrawal are part and parcel of the petitioner's claim. Specifically, the petitioner argues that Drapp performed deficiently when he failed to inform him that he could proceed as a self-represented party and, thus, he believed that his only options were to proceed with an appeal that he did not believe could succeed or to withdraw the appeal. The respondent counters that this is a freestanding claim that the petitioner was required to plead separately on appeal and, therefore, this court cannot properly consider Drapp's advice leading to the petitioner's decision to instruct him to withdraw the appeal when reviewing his performance.

"It is well settled that [t]he petition for a writ of habeas corpus is essentially a pleading and, as such, it

should conform generally to a complaint in a civil action. . . . It is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . [Although] the habeas court has considerable discretion to frame a remedy that is commensurate with the scope of the established constitutional violations . . . it does not have the discretion to look beyond the pleadings and trial evidence to decide claims not raised. . . . The purpose of the [petition] is to put the [respondent] on notice of the claims made, to limit the issues to be decided, and to prevent surprise. . . . [T]he [petition] must be read in its entirety in such a way as to give effect to the pleading with reference to the general theory upon which it proceeded, and do substantial justice between the parties." (Internal quotation marks omitted.) *Newland* v. *Commissioner of Correction*, 322 Conn. 664, 678, 142 A.3d 1095 (2016).

In the present case, the amended petition alleged, in relevant part, that "habeas appellate counsel, Attorney Drapp, was ineffective for withdrawing the petitioner's first habeas appeal." There was no further explanation within the petition for a writ of habeas corpus regarding the petitioner's theory of the case for this claim. The habeas court certified one issue for this court on appeal, that is: "Whether the court erred in finding that the petitioner failed to prove ineffective assistance of appellate counsel for withdrawing the petitioner's first habeas appeal."

In support of its position, the respondent relies on *Roe* v. *Flores-Ortega*, 528 U.S. 470, 120 S. Ct. 1029, 145 L. Ed. 2d 985 (2000). "If counsel has consulted with the defendant, the question of deficient performance is easily answered: Counsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." Id., 478. Thus, the state argues, it would have been ineffective for Drapp not to have withdrawn the appeal after the petitioner had instructed him to do so, and that should end the court's review of his performance.

In *Roe*, the Supreme Court considered the "proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without [the] respondent's consent." Id., 473. The court reasoned: "We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable. . . . This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. *At the other end of the spectrum, a defendant who explicitly tells his attorney not to file an appeal plainly cannot later complain that, by*

*following his instructions, his counsel performed defi-ciently.* See *Jones* v. *Barnes*, 463 U.S. 745, 751, 103 S. Ct. 3308, 77 L .Ed. 2d 987 (1983) (accused has ultimate authority to make fundamental decision whether to take an appeal)." (Citations omitted; emphasis altered.) Id., 477.

The petitioner disagrees and asserts that his "claim that counsel was ineffective for withdrawing his appeal requires this court to look at the context in which the appeal was withdrawn," which "necessitates this court to examine the . . . advice given leading up to coun-sel's withdrawal of [his] appeal." We need not resolve this question in the present case, however, because our analysis would reach the same conclusion even if we take the more expansive view of Drapp's performance as urged by the petitioner.

We agree with the habeas court that Drapp acted reasonably in withdrawing the appeal. The petitioner had written a letter directing Drapp to withdraw the appeal. Drapp then met with the petitioner who, throughout the conversation, continued to express his desire to withdraw the appeal. In subsequent correspon-dence, the petitioner indicated for a third time that he still wished for Drapp to withdraw his appeal. Evaluat-ing counsel's conduct from his perspective at the time, we cannot conclude that it fell below an objective stan-dard of reasonableness for Drapp to withdraw the appeal. Guided by *Roe*, we agree with the respondent that it would have been unreasonable for Drapp to ignore the petitioner's directive to withdraw the appeal under the circumstances.

Moreover, the petitioner's argument that Drapp per-formed deficiently by failing to advise him that he had the right to proceed as a self-represented party is also unpersuasive. Under the sixth amendment to the United States constitution, an accused is guaranteed the right to represent himself. See *Faretta* v. *California*, 422 U.S. 806, 819–20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975). A criminal defendant is entitled to proceed as a self-represented party if he knowingly, voluntarily, and unequivocally waives his right to appointed counsel. See id., 835. Our Supreme Court has stated that "[t]he court is not obligated to suggest self-representation to a defendant as an option simply because the defendant repeatedly expressed dissatisfaction with his court-appointed counsel." (Internal quotation marks omit-ted.) *State* v. *Pires*, 310 Conn. 222, 249, 77 A.3d 87 (2013). Indeed, "because self-representation relinquishes . . . many of the traditional benefits associated with the right to counsel . . . the right to self-representation does not attach unless it is asserted clearly and unequiv-ocally . . . ." (Citation omitted; internal quotation marks omitted.) *United States* v. *Barnes*, 693 F.3d 261, 271 (2d Cir. 2012), cert. denied, 568 U.S. 1113, 133 S. Ct. 917, 184 L. Ed. 2d 704 (2013).

In the present case, the petitioner's expressed dissatisfaction with Drapp's choice of claims to raise on appeal did not confer a duty on Drapp to explain to the petitioner his right to proceed as a self-represented party. The petitioner did not indicate to Drapp that he was interested in proceeding as self-represented, thus, there was no reason for Drapp to discuss the attendant rights with him. We conclude, therefore, that Drapp did not render ineffective assistance by failing to do so.

For the foregoing reasons, we agree with the court that Drapp's performance was not deficient. Because we agree with the habeas court that Drapp did not perform deficiently, we need not reach the issue of prejudice. See *Ouellette* v. *Commissioner of Correction*, 154 Conn. App. 433, 448 n.9, 107 A.3d 480 (2014) ("[a] court evaluating an ineffective assistance claim need not address both components of the *Strickland* test if the [claimant] makes an insufficient showing on one" [internal quotation marks omitted]).

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The petitioner is also known as David A. Abrahams. His conviction in the case underlying his habeas petition was confirmed by this court in *State* v. *Abrahams*, 79 Conn. App. 767, 831 A.2d 299 (2003). Because, when the petitioner testified at the habeas trial, he identified himself as David Abrams and also indicated that his name has been misspelled in the record, we use the name David A. Abrams in this appeal. There is no dispute that David A. Abrahams and David A. Abrams are the same individual.

[2] Practice Book § 63-9 provides in relevant part: "Prior to oral argument or the date the appeal is assigned for disposition without oral argument, an appeal or writ of error may be withdrawn as of right by filing form JD-AC-008 with the appellate clerk. . . ."

[3] On appeal, the petitioner also argues that the habeas court erred in concluding that Drapp did not render ineffective assistance because he failed to raise numerous assertedly viable appellate issues in his appellate brief, which ultimately caused the petitioner to direct Drapp to withdraw the appeal on his behalf. The petitioner, however, raised one issue in his petition for a writ of habeas corpus and one question was certified by the habeas court for appeal, that is, whether Drapp was ineffective for withdrawing the petitioner's appeal from the denial of his first petition for a writ of habeas corpus. Whether Drapp was ineffective for failing to raise all of the purportedly meritorious issues available to him in the appeal to this court is a distinct question. See, e.g. *Small* v. *Commissioner of Correction*, 286 Conn. 707, 712, 946 A.2d 1203, cert. denied sub nom. *Small* v. *Lantz*, 555 U.S. 975, 129 S. Ct. 481, 172 L. Ed. 2d 336 (2008) (petitioner claimed that appellate counsel rendered ineffective assistance in failing to raise certain claims on direct appeal). It is well settled that the right of a petitioner to relief is limited to the allegations raised in his petition. See *Newland* v. *Commissioner of Correction*, 322 Conn. 664, 678, 142 A.3d 1095 (2016). The petitioner, however, failed to plead this issue in his petition or raise it as a distinct claim in his appellate brief. Thus, it is not reviewable.

[4] Specifically, the petitioner was sentenced in the underlying criminal prosecution to a total effective sentence of forty-six years of incarceration, followed by nine years of special parole. He was also found by the court to be in violation of probation and was sentenced to an additional five years of incarceration to run consecutive to all other sentences.

[5] Our Supreme Court has been asked to consider the question before, but has never reached the merits of the issue. See *Kaddah* v. *Commissioner of Correction*, 299 Conn. 129, 139–40, 7 A.3d 911 (2010) (concluding that petitioner did not allege ineffectiveness by particular attorney who had represented him when appeal was withdrawn and, thus, failed to state claim on which relief could be granted). Our Supreme Court, however, has considered whether counsel was ineffective for failing to advise a defendant

of the right to appeal; see, e.g., *Ghant* v. *Commissioner of Correction*, 255 Conn. 1, 761 A.2d 740 (2000); how *Strickland* should apply to the failure to file a timely appeal altogether; see, e.g., *Iovieno* v. *Commissioner of Correction*, 242 Conn. 689, 699 A.2d 1003 (1997); and whether an attorney was ineffective for failing to plead and argue certain issues on direct appeal. See, e.g., *Small* v. *Commissioner of Correction*, supra, 286 Conn. 707.

———————————————